2002 UT 132

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wade N. SCHOFIELD, Defendant and Appellant.**

**No. 20000637.**

Supreme Court of Utah.

Dec. 27, 2002.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Salt Lake City, and Brian J. Namba, Farmington, for plaintiff.

Laura K. Thompson, Ogden, for defendant.

RUSSON, Justice:

¶ 1 Wade N. Schofield ("Schofield") appeals a decision from the Second District Court of Utah ("district court") denying his motion to dismiss for lack of jurisdiction. Schofield claims that his case properly belongs before the juvenile court, while the State contends that the district court has jurisdiction. We affirm and remand to the district court for trial on the merits.

## BACKGROUND

¶ 2 The facts and procedural history are not in dispute. On November 16, 1999, when Schofield was more than twenty-two years old,[1] the Division of Child and Family Services ("DCFS") in Utah County faxed a report of child sexual abuse to the Syracuse Police Department ("SPD") in Davis County.

---

1. Schofield turned twenty-one on September 30, 1998.

The report alleged that Schofield had, several years earlier, sexually abused J.S. and C.S., his nieces. Detective Mark Sessions ("Sessions") contacted DCFS in Utah County and interviewed the alleged victims on November 22, 1999. In the interviews, both J.S. and C.S. confirmed allegations that Schofield had sexually abused them when he was sixteen or seventeen years old and they were six or seven years old and nine or ten years old, respectively.

¶ 3 Sessions contacted Schofield on November 23, 1999, and arranged an interview at SPD. In the course of the interview, Schofield made incriminating statements. Accordingly, Sessions referred the case to the Davis County Attorney, who filed the information in the district court on March 13, 2000. Based on conduct alleged to have occurred on or about September 1, 1994, Schofield was charged with one count of rape of a child, a first degree felony in violation of Utah Code Ann. § 76-5-402.1 (1995), two counts of sodomy on a child, both first degree felonies in violation of Utah Code Ann. § 76-5-403.1 (1995), and two counts of aggravated sexual abuse of a child, both first degree felonies in violation of Utah Code Ann. § 76-5-404.1 (1995).

¶ 4 Schofield moved to dismiss the case, arguing that because the alleged events occurred while he was a minor the case properly belongs before the juvenile court. The district court denied the motion, ruling that the juvenile court lost any jurisdiction over Schofield when he turned twenty-one, and that he was subsequently under jurisdiction of the district court.

¶ 5 On September 27, 2000, this court granted Schofield's petition for interlocutory review of the district court's decision.

**STANDARD OF REVIEW**

¶ 6 At issue in this case are the relative jurisdictions of the district and juve-

nile courts, which are established by statute. *See generally* Utah Code Ann. §§ 78-3-4, 78-3a-104 (1996) (delineating the respective jurisdictions of the district and juvenile courts). The case is therefore one of statutory interpretation, a question of law we review on appeal for correctness. *State v. Burns,* 2000 UT 56, ¶ 15, 4 P.3d 795; *State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993); *State v. Petersen,* 810 P.2d 421, 424 (Utah 1991).

**ANALYSIS**

**I. JURISDICTION OF THE JUVENILE COURT**

¶ 7 Section 78-3a-104 of the Utah Code provides in pertinent part for the jurisdiction of the juvenile court as follows:

(1) Except as otherwise provided by law, the juvenile court has exclusive original jurisdiction in proceedings concerning:

(a) a minor who has violated any federal, state, or local law or municipal ordinance or a person younger than 21 years of age who has violated any law or ordinance before becoming 18 years of age....

Utah Code Ann. § 78-3a-104(1)(a) (1996).[2]

¶ 8 " 'When interpreting statutes, we determine the statute's meaning by first looking to the statute's plain language, and give effect to the plain language unless the language is ambiguous.' " *Wilson Supply, Inc. v. Fradan Mfg. Corp.,* 2002 UT 94, ¶ 14, 54 P.3d 1177 (quoting *Blackner v. State Dep't of Transp.,* 2002 UT 44, ¶ 12, 48 P.3d 949); *see also State Dep't of Natural Res. v. Huntington–Cleveland Irrigation Co.,* 2002 UT 75, ¶ 13, 52 P.3d 1257. Furthermore, "[t]he plain language of a statute is to be read as a whole, and its provisions interpreted in harmony with other provisions in the same stat-

---

**2.** The 1996 version of section 78-3a-104(1)(a) is substantively identical to the 1994 version of section 78-3a-16(1)(a). Schofield asserts that the controlling statutes in this case are the 1994 versions existing at the time of his alleged offenses. He is incorrect. As the main body of the opinion makes clear, the operative issue for determination of jurisdiction of the juvenile court is the age of the offender at commencement of

criminal proceedings. Nonetheless, as the 1994 and 1996 versions of the statutes are substantively identical, the analysis remains the same. Thus, Schofield is also incorrect in asserting that prosecuting him in the district court for crimes he is alleged to have committed as a juvenile is an ex post facto application of the law. The same is true of all references to relevant sections of the 1996 version of the Utah Code.

ute and 'with other statutes under the same and related chapters.' " *Lyon v. Burton*, 2000 UT 19, ¶ 17, 5 P.3d 616 (quoting *Roberts v. Erickson*, 851 P.2d 643, 644 (Utah 1993) (per curiam) (further citations omitted)); *see also Silver v. Auditing Div.*, 820 P.2d 912, 914 (Utah 1991); *Osuala v. Aetna Life & Cas.*, 608 P.2d 242, 243 (Utah 1980).

¶ 9 The plain language of the statute in question creates two classes of offenders for determining jurisdiction of the juvenile court: (1) *those who commit crimes* while under age eighteen and are charged *before* reaching age twenty-one, and (2) those who commit crimes while under age eighteen and are charged *after* reaching age twenty-one. Only the first class of offenders comes under the jurisdiction of the juvenile court. This plain language reading is also in harmony with another provision in the same statute. Section 78–3a–501 reads in relevant part:

> (1) If, during the pendency of a criminal or quasi-criminal proceeding in another court, including a preliminary hearing, it is determined that the person charged is under 21 years of age and was less than 18 years of age at the time of committing the alleged offense, the court shall transfer the case to the juvenile court. . . .

Utah Code Ann. § 78–3a–501(1) (1996). Thus, the legislature clearly contemplated that the juvenile court would have exclusive original jurisdiction only over those criminal defendants who (1) are younger than twenty-one years of age and (2) were under eighteen years of age when the crime was committed.

¶ 10 In the present case, Schofield was more than twenty-two years old when criminal proceedings against him commenced. His age manifestly places him outside the statutory jurisdiction of the juvenile court, and there are no statutory exceptions relevant to Schofield that would bring him within the jurisdiction of the juvenile court. Accordingly, we find that the district court was correct in determining that Schofield does not properly belong before the juvenile court in this matter. *See State v. Hodges*, 2002 UT 117, 63 P.3d 66.

## II. JURISDICTION OF THE DISTRICT COURT

¶ 11 Section 78–3–4 establishes the jurisdiction of the district court as follows:

> (1) The district court has original jurisdiction in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law.

Utah Code Ann. § 78–3–4(1) (1996). Schofield argues, however, that placing him in the jurisdiction of the district court to be tried as an adult violates the uniform operation of laws provision of the Utah Constitution, Utah Const. art. I, § 24 ("All laws of a general nature shall have uniform operation."). Schofield contends that section 78–3a–104(1)(a) creates disparate treatment of similarly situated persons—those charged with crimes committed as juveniles—for no legally justifiable reason. To use age at time of commencement of legal proceedings as the sole criterion to determine jurisdiction, he asserts, is arbitrary, has no reasonable basis stated in the statute, and is not reasonably related to any state interest. We disagree.

### A. *Mohi Analysis of Utah Code Ann. § 78–3a–104(1)(a)*

¶ 12 In *State v. Mohi*, 901 P.2d 991 (Utah 1995), this court stated that

> "for a law to be constitutional under [the uniform operation of laws provision], it is not enough that it be uniform on its face. What is critical is that the *operation* of the law be uniform. A law does not operate uniformly if 'persons similarly situated' are not 'treated similarly.' "

901 P.2d at 997 (quoting *Lee v. Gaufin*, 867 P.2d 572, 577 (Utah 1993) (further citations omitted)). At that time, we articulated a two-step assessment for determining whether a statute comports with the uniform operation of laws provision of the Utah Constitution. " 'First, a law must apply equally to all persons within a class. Second, the statutory classifications and the different treatment given the classes must be based on differences that have a reasonable tendency to further the objectives of the statute.' " *Id.* at 997 (quoting *Malan v. Lewis*, 693 P.2d 661, 670 (Utah 1984) (further citations omitted));

accord *Blue Cross & Blue Shield v. State,* 779 P.2d 634, 637 (Utah 1989). This requires that we "first determine what classifications ... are created by the statute. Second, we must determine whether different classes ... are treated disparately. Finally, if any disparate treatment exists between classes ... we must determine whether the legislature had any reasonable objective that warrants the disparity." *Mohi,* 901 P.2d at 997 (citation omitted).

### 1. Classes Created

¶ 13 Section 78–3a–104(1)(a) creates two classes of offenders: (1) those who commit crimes while under age eighteen and are charged *before* reaching age twenty-one, and (2) those who commit crimes while under age eighteen and are charged *after* reaching age twenty-one. The first class of offenders comes under the jurisdiction of the juvenile court, and the second class of offenders comes under the jurisdiction of the district court. *See* Utah Code Ann. §§ 78–3a–104(1)(a), 78–3–4(1).

### 2. Disparate Treatment

¶ 14 The statute applies equally and predictably to all offenders within both classes, as the assignment of the offender to a particular class by age at the commencement of legal proceedings is quickly and objectively ascertained. If the offender has not yet reached the age of twenty-one at the time charged, the offender is in the jurisdiction of the juvenile court. *See* Utah Code Ann. § 78–3a–104(1)(a). If the offender has reached the age of twenty-one at the time charged, the offender is in the jurisdiction of the district court. *See* Utah Code Ann. §§ 78–3a–104(1)(a), 78–3–4(1). The treatment of the two classes is disparate, but the treatment is not arbitrary or without an objective standard.

### 3. Reasonable Legislative Objective Warranting Disparity

■ ¶ 15 Section 78–3a–102 states that the purpose of the juvenile court is to

(a) promote public safety and individual accountability by the imposition of appro-priate sanctions on persons who have committed acts in violation of law;

(b) order appropriate measures to promote guidance and control, preferably in the minor's own home, as an aid in the prevention of future unlawful conduct and the development of responsible citizenship;

(c) where appropriate, order rehabilitation, reeducation, and treatment for persons who have committed acts bringing them within the court's jurisdiction; [and]

. . .

(g) consistent with the ends of justice, strive to act in the best interests of the minor[ ] in all cases and attempt to preserve and strengthen family ties where possible.

Utah Code Ann. § 78–3a–102(5) (1996).

■ ¶ 16 The juvenile court's statutory authority is focused on the education, rehabilitation, and treatment of minors, the purpose being to assist young offenders in rebuilding their lives in the ambit of their families. Consistent with this purpose, all cases before the juvenile court are considered civil proceedings. Utah Code Ann. § 78–3a–515(1) (1996). This furthers a reasonable state interest in preventing youth offenders, who are still in their formative years, from accruing a criminal record and potentially becoming worse or even adult offenders.

¶ 17 As a tribunal geared toward the special needs of youth offenders, the juvenile court therefore is not designed to deal with adults charged with crimes. When adults do become involved with the juvenile court, its statutory jurisdiction over them is appropriately very limited. For example, the juvenile court has concurrent jurisdiction with the district court over adults who contribute to the delinquency of a minor. In this situation, however, there are statutory guidelines for special proceedings in the juvenile court to try such adult offenders criminally as adults, or even to transfer the adult entirely to the district court. Utah Code Ann. §§ 78–3a–801 to –803 (1996). Thus, the reasonable legislative objective of the juvenile court is maintained, to act in the interest and rehabilitation of minor offenders.

¶ 18 Under the analysis set out in *Mohi*, section 78–3a–104(1)(a) clearly applies equally to all persons within the classes it creates and the disparate treatment given the statutory classes is based on differences that have a reasonable tendency to further the objectives of the statute. It is therefore uniform both on its face and in operation. Accordingly, we hold that section 78–3a–104(1)(a) comports with the uniform operation of laws provision of the Utah Constitution.[3]

### B. District Court Jurisdiction Over Schofield

¶ 19 By statute, the district court has "original jurisdiction in *all* matters civil and criminal." Utah Code Ann. § 78–3–4(1) (emphasis added). The district court, therefore, has jurisdiction over Schofield in this criminal matter. Schofield is not in the jurisdiction of the juvenile court, and there are no statutory exceptions that place him there. Furthermore, trying Schofield in the district court as an adult for crimes he is alleged to have committed as a minor does not violate the uniform operation of laws provision of the Utah Constitution. Accordingly, we find that the district court was correct in determining that it has proper jurisdiction over Schofield.

### CONCLUSION

¶ 20 For the reasons set forth above, we affirm the decision of the district court and remand the case to be tried on the merits. We also hold that Utah Code Ann. § 78–3a–104(1)(a) does not violate the uniform operation of laws provision of the Utah Constitution.

¶ 21 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice WILKINS concur in Justice RUSSON's opinion.

---

**3.** Because we find that the statute comports with the uniform operation of laws provision of the Utah Constitution, we need not reach the question of whether it violates the federal Equal Protection Clause. *See Blue Cross & Blue Shield v. State,* 779 P.2d 634, 637, 645 (Utah 1989); *Mountain Fuel Supply Co. v. Salt Lake City Corp.,* 752 P.2d 884, 890 (Utah 1988).