2006 UT 45

ARIS VISION INSTITUTE, INC., a California corporation, dba Aris Vision, Inc., Plaintiff and Respondent,

v.

WASATCH PROPERTY MANAGEMENT, INC., a Utah corporation, JDJ Properties, Inc., a Utah corporation; David Skalka, an individual; Brian Skalka, an individual; and Dennis Peacock, an individual, Defendants and Petitioners.

No. 20050693.

Supreme Court of Utah.

Aug. 18, 2006.

Rehearing Denied Aug. 15, 2006.

R. Stephen Marshall, Erik A. Olson, Salt Lake City, for plaintiff.

Richard D. Burbidge, Stephen B. Mitchell, Salt Lake City, for defendants.

WILKINS, Associate Chief Justice:

¶ 1 After Respondent Aris Vision Institute, Inc. (Aris) fell behind on its rent payment, Petitioners JDJ Properties, Inc. (JDJ) and Wasatch Property Management, Inc. (Wasatch) retaliated by refusing to allow Aris to remove its personal property from the premises for a period of five months. Aris brought a claim for wrongful eviction, conversion, and forcible detainer. The district court concluded that JDJ and Wasatch were liable and awarded treble damages to Aris for loss, damage, and depreciation of personal property pursuant to Utah Code section 78–36–10(3). The court of appeals affirmed. JDJ and Wasatch have asked us to review the decision of the court of appeals. We affirm.

## BACKGROUND

¶ 2 Aris operated a laser eye surgery clinic on premises leased from JDJ and managed by Wasatch. Aris owned the furniture and equipment in the clinic and contracted with four physicians who performed the surgeries. Following an industry downturn, Aris informed employees and vendors that it planned to terminate its business. When Aris failed to make its January rent payment, and Wasatch learned of Aris's financial difficulties, Wasatch indicated that it would not allow Aris to remove its furniture and equipment from the premises.

¶ 3 Aris attempted to negotiate with the physicians for the sale of the equipment and the assumption of the lease. During negotiations, the physicians were permitted to remain on the premises and continue performing surgeries. Unbeknownst to Aris, Wasatch was also negotiating with the physicians to move them into a separate space in the same complex under a more favorable lease. As a result, negotiations between Aris and the physicians failed, and the physicians moved out of the premises.

¶ 4 In late January, Aris attempted to remove its personal property, but Wasatch forbade it from doing so, saying that Aris had abandoned the premises and defaulted on the lease. On multiple occasions, Wasatch refused to allow Aris to enter the building or to remove equipment, despite Aris's repeated offers to pay the outstanding rent. Twice Wasatch changed the locks and refused to provide Aris with keys.

¶ 5 Eventually, Aris was allowed to enter the building to inventory the equipment under Wasatch's supervision. During one of these inventories, Aris discovered that several pieces of equipment were missing and that two of the lasers had been damaged while in Wasatch's custody. Aris attempted to sell the equipment to a third party, but Wasatch

refused to release the equipment unless it was given all of the proceeds of the sale. In late June 2002, after Aris initiated litigation, Wasatch finally allowed Aris to remove its personal property. Because of rapid advances in eye surgery technology, Aris's equipment had depreciated considerably, and Aris was able to sell it for only approximately one-third of what the value of the equipment would have been when Aris initially asked for its release in January 2002.

¶ 6 The district court found that Wasatch and JDJ were liable for wrongful eviction, conversion, and forcible detainer and awarded Aris damages for the depreciation of the property, for the value of the missing property, and for the damage to the lasers. The court then trebled damages pursuant to Utah Code section 78–36–10(3). The appellate court affirmed, and we granted certiorari.

## ANALYSIS

¶ 7 On certiorari, we review the decision of the court of appeals, not the trial court.[1] Whether damages for loss, damage, and depreciation to personal property may be trebled pursuant to Utah Code section 78–36–10(3) is an issue of statutory construction, which we review for correctness.[2]

¶ 8 The only issue presented in this petition is whether the lower court correctly interpreted and applied the forcible detainer statute. We conclude that it did. We will first address the meaning of the statute as evidenced by the statutory language and then the scope of damages available.

¶ 9 When interpreting statutes, "our primary role is to give effect to the legislature's intent as set forth in the statute's plain language."[3] In addition, " 'we determine the statute's meaning by first looking to the statute's plain language, and

[by] giving effect to the plain language[,] unless the language is ambiguous.' "[4]

¶ 10 Title 78, chapter 36 of the Utah Code deals with disputes between landlords and tenants. Section 10 addresses the remedies available in such disputes and states:

(2) The jury or court . . . shall also assess the damages resulting to the plaintiff from any of the following:

(a) forcible entry;

(b) forcible or unlawful detainer;

(c) waste of the premises during the defendant's tenancy, if the waste is alleged in the complaint and proved at trial;

(d) the amount of rent due, if the unlawful detainer is after default in the payment of rent; and

(e) the abatement of nuisance by eviction as provided in Sections 78–38–9 through 78–38–16.

(3) The judgment shall be entered against the defendant for the rent, *for three times the amount of the damages assessed under Subsections (2)(a) through (2)(c)*, and for reasonable attorney's fees, if they are provided for in the lease or agreement.

(4) If the proceeding is for unlawful detainer after default in the payment of rent, execution upon the judgment may be issued and enforced immediately.[5]

¶ 11 The plain language of the statute contains no apparent ambiguities. It clearly states that damages for forcible entry, forcible or unlawful detainer, and waste shall be trebled.

¶ 12 However, because of the highly penal nature of the trebling of damages, this provision is subject to strict construction.[6] It must be interpreted carefully and narrowly. "While the statute provides for recovery of rents, damages, and waste, it is

---

1. *Salt Lake County v. Metro W. Ready Mix, Inc.*, 2004 UT 23, ¶ 11, 89 P.3d 155 (citing *Mitchell v. Christensen*, 2001 UT 80, ¶ 8, 31 P.3d 572).

2. *State v. Schofield*, 2002 UT 132, ¶ 6, 63 P.3d 667.

3. *State v. McCoy*, 2000 UT 39, ¶ 9, 999 P.2d 572.

4. *Dick Simon Trucking, Inc. v. Utah State Tax Comm'n*, 2004 UT 11, ¶ 17, 84 P.3d 1197 (quoting *Schofield*, 2002 UT 132, ¶ 8, 63 P.3d 667).

5. Utah Code Ann. § 78–36–10(2)–(4) (2002) (emphasis added).

6. *Forrester v. Cook*, 77 Utah 137, 292 P. 206, 214 (1930).

damages only that are to be trebled." [7] Thus, the issue becomes whether the term "damages" in the statute is intended to include damages to personal property. If so, then a plain reading of section 78–3–10(3) would require that damages to personal property be trebled.

¶ 13 Relying primarily on Judge Orme's dissent at the court of appeals, Wasatch contends that the award of treble damages is a severe remedy limited to a possessory interest in real property and that therefore damages for forcible detainer are limited to the reasonable rental value of the premises during the time for which they were detained.[8] We disagree. Such a reading would deprive subsections of the statute of much of their meaning. This court has held that "[s]tatutory enactments are to be construed as to render all parts thereof relevant and meaningful.... We will avoid an interpretation which renders portions of, or words in, a statute superfluous or inoperative." [9] If the "damages resulting to the plaintiff" were intended to be limited only to reasonable rental value, the specification in subsection (2)(d) that damages be assessed for "the amount of rent due" is rendered superfluous.[10] Additionally, subsection (3) makes a clear distinction between damages assessed for rent and damages which may be trebled: "The judgment shall be entered against the defendant for the *rent*, for three times the amount of the damages assessed under subsections

(2)(a) through (2)(c), and for reasonable attorney's fees." [11] An interpretation limiting damages to reasonable rental value would eliminate the need for this distinction. To the contrary, the specific references to "rent" indicate a legislative intent to include damages beyond those pertaining to a possessory interest in real property.

¶ 14 Wasatch further argues that there is no such thing as forcible detainer of personal property and that, consequently, no damages may be awarded for the loss, damage, and depreciation of personal property.[12] While it is possible that the statutory definition of forcible detainer may not be applicable to personal property,[13] the distinction, in this case, is irrelevant since Utah Code section 78–36–10(2) requires only that the jury or court "assess the damages *resulting*" from the forcible detainer of the real property.[14] We see no legal or logical reason why resulting damages may not include damages to personal property.

¶ 15 The language of the statute is clear and unambiguous. It contains no exceptions or limitations modifying the term "damages," therefore indicating that in "assessing the damage resulting to the plaintiff," the jury or the court should assess *all* damages resulting to the plaintiff as a result of any of the circumstances listed in subsections 2(a) through 2(c).[15]

---

7. *Id.*

8. *See Aris Vision Inst., Inc. v. Wasatch Prop. Mgmt., Inc.*, 2005 UT App 326, ¶¶ 36–37, 121 P.3d 24 (Orme, J., dissenting).

9. *Labelle v. McKay Dee Hosp. Ctr.*, 2004 UT 15, ¶ 16, 89 P.3d 113.

10. Utah Code Ann. § 78–36–10(2).

11. *Id.* § 78–36–10(3) (emphasis added).

12. Whether a forcible detainer did in fact occur was a question of fact for the trial court on which we have not granted certiorari.

13. The definition of forcible detainer in Utah Code section 78–36–2 states:

Every person is guilty of a forcible detainer who either:
(1) by force, or by menace and threats of violence, unlawfully holds and keeps possession

of any real property, whether the same was acquired peaceably or otherwise; or
(2) in the nighttime, or during the absence of the occupants of any real property, unlawfully enters thereon, and, after demands made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who within five days preceding such unlawful entry was in the peaceable and undisturbed possession of such lands.

14. Utah Code Ann. § 78–36–10(2) (emphasis added).

15. Utah Code section 78–36–10 provides, in pertinent part:

(2) The jury or court ... shall also assess the damages resulting to the plaintiff from any of the following:
(a) forcible entry;
(b) forcible or unlawful detainer;

¶ 16 Absent any ambiguity, we "give effect to each term according to its ordinary and accepted meaning."[16] "Damages" is commonly defined as "the estimated money equivalent for detriment or injury sustained."[17] Additionally, *Black's Law Dictionary* defines "damages" as "[m]oney claimed by or ordered to be paid to, a person as compensation for loss or injury."[18] This court has previously said that the term "damages" is synonymous with the term "compensation."[19] Further, "[d]amages are based on fault [and] are generally limited only by the findings and conscience of the jury."[20]

¶ 17 Utah Code section 78–32–10 employs only the general term "damages" without any specification as to the types of damages that may be awarded under the statute.[21] Courts are bound by the plain language of the statute.[22]

¶ 18 The sole qualifier that the statute places on damages which may be trebled is one of causation. The statute specifies only that the damages must be "resulting" from (a) forcible entry, (b) forcible or unlawful detainer, or (c) waste of the premises.[23] As a consequence, we now turn to the question of what types of damages qualify as "resulting" damages.

¶ 19 This court has held that "damages . . . are measured by the rule that they must be the natural and proximate consequences of the acts complained of and nothing more."[24] In other words, the damages must be directly traceable to the forcible entry, forcible or unlawful detainer, or the waste committed by the defendants. A causal connection that is too attenuated, such as an unlawful detainer which allegedly results in loss of consortium, would not justify an award for damages. There must be a common sense relationship. Whether the damages claimed are the natural and proximate cause of the forcible detainer is a question of fact to be determined in the trial court.

¶ 20 In this case, the trial court was acting within its permitted discretion when it found that the loss, damage, and decrease in resale value to Aris's personal property was proximately caused by Wasatch's forcible detainer of the premises. Wasatch denied Aris access to its personal property for a period of five months. During the time that the personal property was exclusively in Wasatch's custody, several pieces of equipment were lost, and two lasers were damaged. Also, due to rapidly changing technology, Aris was forced to sell its equipment at a substantially lower price than it would have been able to command five months earlier.

¶ 21 In all three instances, the damages awarded represent the difference between the value of the personal property in January 2002, when Aris originally tried to recover the equipment, and the value of the property in June 2002, when Wasatch finally released the equipment. Pursuant to Utah Code section 78–36–10(3), the trial court was *required* to treble these damages.[25]

(c) waste of the premises during the defendant's tenancy, if waste is alleged to in the complaint and proven at trial

. . .

(3) The judgment shall be entered against the defendant for the rent, [and] for three times the amount of damages assessed under Subsection (2)(a) through 2(c)

. . . .

16. *C.T. v. Johnson,* 1999 UT 35, ¶ 9, 977 P.2d 479.

17. *Random House Webster's Unabridged Dictionary* 504 (2nd ed.2001).

18. *Black's Law Dictionary* 393 (7th ed.1999).

19. *Fuller v. Dir. of Fin.,* 694 P.2d 1045, 1047 (Utah 1985).

20. *Id.*

21. Should the Legislature wish to distinguish which types of damages should be awardable under section 78–36–10, it would be within its discretion to do so.

22. *See Platts v. Parents Helping Parents,* 947 P.2d 658, 662 (Utah 1997) ("The judiciary is obligated to interpret statutes as they are created, not to redesign them.").

23. Utah Code Ann. § 78–36–10(2)–(3).

24. *Forrester v. Cook,* 77 Utah 137, 292 P. 206, 211 (1930).

25. Utah Code Ann. § 78–36–10(3) ("The judgment *shall* be entered against the defendant . . . for three times the amount of damages assessed. . . ." (emphasis added)).

¶ 22 As the party successful on appeal, Aris is also entitled to attorneys fees and costs incurred on appeal.

## CONCLUSION

¶ 23 The plain language of Utah Code section 78–36–10 clearly requires that damages resulting to the plaintiff from forcible entry, forcible or unlawful detainer, or waste shall be trebled. As the statute contains no language limiting the scope of damages, we hold that all damages directly and proximately resulting from the forcible detainer are subject to the requirement that they be trebled. We affirm the decision of the court of appeals, and remand to the trial court for the determination of the amount of attorneys fees and costs awarded to Aris.

¶ 24 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.