2009 UT App 213

Michael WILLDEN, Plaintiff and Appellant,

v.

DUCHESNE COUNTY, Defendant and Appellee.

No. 20080276–CA.

Court of Appeals of Utah.

Aug. 6, 2009.

Daniel F. Bertch and Kevin K. Robson, Salt Lake City, for Appellant.

Kristin A. Van Orman and Jeremy G. Knight, Salt Lake City, for Appellee.

Before Judges THORNE, ORME, and DAVIS.

OPINION

THORNE, Associate Presiding Judge:

¶ 1 Michael Willden appeals from the district court's entry of summary judgment in favor of Duchesne County (the County), dismissing Willden's personal injury suit against the County as barred by the Governmental Immunity Act of Utah (the GIAU), *see* Utah Code Ann. §§ 63G–7–101 to –904 (2008).[1] We reverse the judgment of the district court and remand the matter for further proceedings.

---

1. The district court and the parties applied the statutes that were in effect at the time of Willden's injury in 2004. *See* Utah Code Ann. § 41–6–14 (Supp.2004) (governing emergency vehicle operation); Utah Code Ann. § 63–30d–301 (2004) (waiving governmental immunity in certain circumstances). However, these statutes have since been renumbered. *See* Utah Code Ann. § 41–6a–212 (Supp.2008) (governing emergency vehicle operation); Utah Code Ann. § 63G–7–301 (2008) (waiving governmental immunity in certain circumstances). As the relevant statutory language has not changed since 2004, we cite to the current versions of the statutes as a convenience to the reader.

## BACKGROUND

¶ 2 On August 7, 2004, Willden was riding his motorcycle eastbound on State Road 35 in Duchesne County with a group of other riders. County Sheriff's Deputy Monte May, who was responding to a medical emergency with his lights and sirens on, approached and passed the group of riders from behind at a high rate of speed. Willden attempted to pull over but lost control of his motorcycle on the soft shoulder of the road. Willden was injured in the resulting crash.

¶ 3 Willden sued the County, alleging that May negligently caused his accident and injuries and that the County was liable for May's negligence because it was committed within the scope of May's employment. The County moved for summary judgment on the grounds of governmental immunity. The County's motion argued that it retained governmental immunity against negligence suits arising out of the operation of an emergency vehicle in accordance with the requirements of Utah Code section 41–6a–212. *See* Utah Code Ann. § 63G–7–301(5)(r) (retaining governmental immunity against negligence suits "if the injury arises out of, in connection with, or results from: ... the operation of an emergency vehicle, while being driven in accordance with the requirements of [Utah Code s]ection 41–6a–212"); *see also* Utah Code Ann. § 41–6a–212 (Supp.2008) (governing emergency vehicle operation).

¶ 4 The district court granted the County's motion, concluding that it was undisputed that May was operating an emergency vehicle with appropriate signals in compliance with Utah Code section 41–6a–212(3)(a), *see* Utah Code Ann. § 41–6a–212(3)(a). The district court rejected Willden's argument that section 41–6a–212 also incorporates a requirement that emergency vehicle operators act "as a reasonably prudent emergency vehicle operator in like circumstances." *See id.* § 41–6a–212(6). Accordingly, the district court ruled that the County retained its governmental immunity under the GIAU. Willden appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Willden argues that the district court erred in concluding that the County retained governmental immunity against his negligence claim. Interpretation of the GIAU presents a " 'question of law which we review for correctness, granting no deference to the trial court's determinations.' " *Nunez v. Albo*, 2002 UT App 247, ¶ 9, 53 P.3d 2 (quoting *Bellonio v. Salt Lake City Corp.*, 911 P.2d 1294, 1296 (Utah Ct.App.1996)).

## ANALYSIS

¶ 6 This case presents the question of whether the GIAU waives governmental immunity against actions arising out of the allegedly negligent operation of an emergency vehicle by a government employee. Generally speaking, the GIAU waives the immunity of governmental entities "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." Utah Code Ann. § 63G–7–301(4) (2008). However, immunity is retained in various enumerated circumstances, including "the operation of an emergency vehicle, while being driven in accordance with the requirements of [Utah Code s]ection 41–6a–212." *Id.* § 63G–7–301(5)(r).

¶ 7 Utah Code section 41–6a–212 governs the operation of emergency vehicles and grants emergency vehicle operators privileges to ignore various traffic laws in specified circumstances. *See* Utah Code Ann. § 41–6a–212(1)(a)–(b). Section 41–6a–212 contains express requirements relating to the use of lights or sirens, *see id.* § 41–6a–212(3)(a), and to vehicle pursuits, *see id.* § 41–6a–212(4). Additionally, section 41–6a–212 states that "[t]he privileges granted under this section do not relieve the operator of an authorized emergency vehicle of the duty to act as a reasonably prudent emergency vehicle operator in like circumstances." *Id.* § 41–6a–212(6).

¶ 8 It is uncontested in this case that May was operating his vehicle with proper lights and sirens and was not involved in a vehicle pursuit. However, Willden alleges that May failed to act as a reasonably prudent emergency vehicle operator under like circumstances and, therefore, negligently caused his injuries. Thus, we are called upon to answer whether section 41–6a–212 incorporates a

"requirement" that emergency vehicle operators act as reasonably prudent emergency vehicle operators under like circumstances, such that a failure to do so waives immunity under the GIAU.

¶ 9 The parties largely limit their arguments to identifying alleged absurdities that would result if we were to adopt their opponent's position. We rely instead on *Day v. State*, 1999 UT 46, 980 P.2d 1171, which interprets a similar, prior version of section 41–6a–212. *See id.* ¶ 14 (applying the emergency vehicle provisions of Utah Code Ann. § 41–6–14 (1988)). Under *Day*, it is quite clear that the current statutory language imposes a duty of care on emergency vehicle operators, and that immunity is waived when a governmental employee breaches that duty of care.

¶ 10 *Day* applied the Utah statutes in effect in 1988, when Day was injured by the alleged negligence of a Utah Highway Patrol officer pursuing another motorist. *See id.* The 1988 version of the emergency vehicle statute contained duty language quite similar to today's section 41–6a–212(6): "The privileges under this section do not relieve the operator of an authorized emergency vehicle from the duty to operate the vehicle with regard for the safety of all persons, or protect the operator from the consequences of an arbitrary exercise of the privileges." Utah Code Ann. § 41–6–14(3)(a) (1988).[2] The *Day* court held that this language "*imposed a duty* on operators of emergency vehicles such as police cars to act with due regard for the safety of other persons on the road." 1999 UT 46, ¶ 14, 980 P.2d 1171

(emphasis added). Accordingly, *Day* stated that the then-existing GIAU "waived immunity under certain conditions if the operator of an emergency vehicle ... did not operate his vehicle 'with regard for the safety of all persons' or arbitrarily exercised the privileges granted." *Id.* ¶ 33.[3]

¶ 11 Although the duties imposed by the 1988 and 2004 statutes vary somewhat, the language *imposing* the duties is nearly identical. Both statutes state that they "do not relieve the operator of an authorized emergency vehicle" of or from the enumerated duty. *See* Utah Code Ann. § 41–6a–212(6) (Supp.2008); *id.* § 41–6–14(3)(a) (1988). In light of the *Day* court's conclusion that the 1988 statute waived immunity when an emergency vehicle was operated arbitrarily or without "regard for the safety of all persons," 1999 UT 46, ¶ 33, 980 P.2d 1171, we are compelled to similarly interpret the 2004 statutory scheme as waiving immunity when an emergency vehicle operator fails "to act as a reasonably prudent emergency vehicle operator in like circumstances." *See* Utah Code Ann. § 41–6a–212(6).

¶ 12 We note that the duty language applied in *Day* was deleted from the statute altogether in 1993, *see id.* § 41–6–14 (1993) (amendment notes), and was only reintroduced in 2004, *see id.* (Supp.2004) (amendment notes).[4] Any doubt as to the intent of the legislature in reintroducing section 41–6a–212's duty language is resolved by the legislative history surrounding its 2004 amendment. The 2004 amendment to section 41–6a–212 was enacted by Senate Bill

2. Similarly, the 1988 version of the GIAU retained immunity for the "operation of emergency vehicles as defined by law and while being driven in accordance with the requirements of [Utah Code section] 41–6–14." Utah Code Ann. § 63–30–7 (1986).

3. *Day* did not directly address the question before us today, but rather addressed an open courts challenge to a short-lived statutory provision adopting blanket immunity in police pursuit cases. *See Day v. State*, 1999 UT 46, ¶¶ 33–48, 980 P.2d 1171. Nevertheless, *Day's* conclusion that the police pursuit statute violated the Utah Constitution's open courts provision relied on the underlying assumption that absent the pursuit statute, immunity was waived in negligent emergency vehicle operation cases. *See id.* ¶¶ 41–43.

4. The 2004 amendment reintroducing the duty language took effect on May 3, 2004, several months before Willden's August 2004 injury. *See* Utah Code Ann. § 41–6–14 (Supp.2004) (amendment notes).

We also note that the Utah Supreme Court addressed emergency vehicle immunity under the 1993–2004 version of the statute, which lacked the duty language. That case is not applicable here, but may be helpful to the reader in understanding the overall evolution of emergency vehicle immunity in Utah. *See Kouris v. Utah Highway Patrol*, 2003 UT 19, 70 P.3d 72 (applying 1998 versions of the GIAU and emergency vehicle statute).

232, a companion bill to Senate Bill 55, which completely overhauled the GIAU. *See* Utah Senate Journal, 55th Utah Leg., Gen. Sess., 690 (Feb. 25, 2004) ("S.B. 55 (along with S.B. 232) is the result of a 'Task Force' (working group) effort to completely repeal, rethink, reorganize and then enact a new Governmental Immunity Act."). This was the "first time that the concept of governmental immunity [had] received a comprehensive review in over twenty years." *Id.* Thus, it is apparent that the 2004 amendment to section 41–6a–212 was not made without due consideration of its impact on the GIAU, but rather as an intentional change to the GIAU's immunity waiver provisions.

¶ 13 Further, the comments of Senate Bill 232's sponsors in the Utah Senate and House of Representatives make it clear that section 41–6a–212's duty language was to serve as a requirement of that statute for purposes of determining waiver of governmental immunity. Senator Blackham, introducing Senate Bill 232 on the senate floor, stated that it "basically says, if you're gonna have your lights on and go through that red light and that type of thing, you better do so responsibly." Senate Floor Debate, S.B. 232, 55th Utah Leg., Gen. Sess. (Feb. 24, 2004) (statement of Sen. Blackham).[5] Referring specifically to governmental immunity, Senator Blackham stated: "[Senate Bill 55] broadens remedies for injured parties in certain circumstances. Senate Bill 55, and its accompanied partner bill, which is Senate Bill 232, ... are worked out together on this compromise piece of legislation." Senate Floor Debate, S.B. 55, 55th Utah Leg., Gen. Sess. (Feb. 24, 2004) (statement of Sen. Blackham). Introducing the bill on the House floor, Representative Curtis added that Senate Bill 232 "sets a standard" and "requires the operator of the emergency vehicle to operate it in a reasonably prudent emergency vehicle standard [under] like circumstances." House Floor Debate, S.B. 232, 55th Utah Leg., Gen. Sess. (Mar. 3, 2004) (statement of Rep. Curtis).

■ ¶ 14 In light of *Day's* interpretation of similar language in the 1988 statute, as well as the legislative history surrounding the 2004 amendment of section 41–6a–212, we hold that the legislature has waived governmental immunity against negligence claims arising out of the operation of an emergency vehicle that allege a governmental employee's failure "to act as a reasonably prudent emergency vehicle operator in like circumstances." *See* Utah Code Ann. § 41–6a–212(6) (Supp.2008). Willden's action presents such a claim, and the district court accordingly erred when it granted summary judgment to the County on governmental immunity grounds.

## CONCLUSION

■ ¶ 15 The Utah Legislature's reinsertion of a standard of care into Utah Code section 41–6a–212 in 2004 was clearly intended to make compliance with that standard of care a requirement for emergency vehicle operators under the statute. It is equally clear that the legislature intended this amendment to waive governmental immunity for negligence actions based on a breach of "the duty to act as a reasonably prudent emergency vehicle operator in like circumstances." *Id.* § 41–6a–212(6); *see also* Utah Code Ann. § 63G–7–301(5)(r) (2008). Willden's action alleges such a breach, and the district court therefore erred in concluding that the County retained governmental immunity against Willden's suit. Accordingly, we reverse the district court's entry of summary judgment and remand this matter for further proceedings.

¶ 16 WE CONCUR: GREGORY K. ORME and JAMES Z. DAVIS, Judges.

---

**5.** Recordings of the cited floor debates, along with other legislative history materials, are ac-cessible online at http://le.utah.gov/Documents/legislative.htm# histories.