2014 UT App 81

**Hannah FUQUA, Plaintiff and Appellant,**

v.

**ALPINE SCHOOL DISTRICT,**
**Defendant and Appellee.**

No. 20140023–CA.

Court of Appeals of Utah.

April 10, 2014.

Kevin J. Sutterfield, Provo, for Appellant.

Sean D. Reyes and Peggy E. Stone, Salt Lake City, for Appellee.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and RUSSELL W. BENCH.[1]

Decision

**PER CURIAM:**

¶ 1 Hannah Fuqua appeals the district court's December 10, 2013 order granting Alpine School District's motion for summary judgment. Fuqua argues that the district court erred in determining that her action was barred by the applicable statute of limitations. This matter is before the court on Alpine's motion for summary disposition on the basis that the grounds for review are too insubstantial to merit further proceedings.

¶ 2 "We review a district court's grant of summary judgment for correctness and afford no deference to the court's legal conclusions." *Salt Lake City Corp. v. Big Ditch Irrigation Co.*, 2011 UT 33, ¶ 18, 258 P.3d 539. The Utah Governmental Immunity Act requires a plaintiff to file a notice of claim with a governmental entity before filing a lawsuit. *See* Utah Code Ann. § 63G–7–401(2) (LexisNexis 2011). The governmental entity must then approve or deny the claim within sixty days. *Id.* § 63G–7–403(1). "A claim is considered to be denied if, at the end of the 60–day period, the governmental entity or its insurance carrier has failed to approve or deny the claim." *Id.* § 63G–7–403(1)(b). If the claimant decides to sue, she must then bring an action within one year after denial of the claim. *See id.* § 63G–7–403(2)(b).

¶ 3 In the present case, Fuqua mailed her notice of claim to Alpine on June 15, 2012. Alpine never sent Fuqua notice indicating that it was accepting or denying her claim;

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special appointment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

accordingly, the claim was deemed to be denied sixty days later, on August 14, 2012. Fuqua had one year from August 14, 2012, to file her action, meaning that the complaint needed to be filed no later than August 14, 2013. *See Harward v. Utah Cnty.,* 2000 UT App 222, ¶ 8, 6 P.3d 1140 (concluding that under the Utah Governmental Immunity Act's one-year statute of limitation, a complaint filed on September 5, 1997, was untimely when the claim was deemed denied on September 4, 1996); *see also Greer v. Big 5 Corp.,* 2009 UT App 103U, para. 2, 2009 WL 1019561 (concluding that a four-year statute of limitation barred an action filed on December 2, 2005, when the accident giving rise to the action occurred on December 1, 2001). Fuqua did not file her complaint until August 15, 2013. Therefore, the complaint was filed one day after the statute of limitations had expired. Accordingly, the district court correctly granted Alpine's motion for summary judgment because Fuqua's action was barred by the statute of limitations.

¶ 4 Affirmed.