2000 Utah Ct. App. 222

**Ken Ray HARWARD, Plaintiff and Appellant,**

v.

**UTAH COUNTY, Utah County Sheriff's Office, Utah County Attorney's Office, Pleasant Grove City, Pleasant Grove Police Department, Lehi City, Lehi Police Department, Provo City, Provo Police Department, and John Does 1 through 10, Defendants and Appellees.**

No. 990707–CA.

Court of Appeals of Utah.

July 13, 2000.

---

D. Bruce Oliver, Salt Lake City, for Appellant.

Benson Hathaway, Peter Stirba, John Warren May, Stirba & Hathaway, Gregory J. Sanders, Kipp & Christian, Dale J. Lambert, and Rebecca L. Hill, Christensen & Jensen, PC, Salt Lake City, and Gary L. Gregerson and David C. Dixon, Provo City Attorney's Office, Provo, for Appellees.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and DAVIS, J.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Ken Ray Harward challenges the trial court's award of summary judgment to Utah County and the cities of Lehi, Pleasant Grove, and Provo (defendants). We affirm.

## BACKGROUND

¶ 2 When reviewing a trial court's summary judgment ruling, we regard "the facts in the light most favorable to the losing party, while giving no deference to the trial court's legal conclusions." *Litster v. Utah Valley Community College*, 881 P.2d 933, 937 (Utah Ct.App.1994).

¶ 3 In 1996, Harward sought to "deliver[ ]" notices of claim to defendants under the Utah Governmental Immunity Act. Utah Code Ann. § 63–30–11(3)(b)(ii) (1997) ("The notice of claim shall be ... directed and delivered to the responsible governmental entity ...."); *see generally id.* §§ 63–30–1 to –38 (Utah Governmental Immunity Act). Using express mail service, he mailed the notices through the United States Postal Service. The date of mailing entered on the envelopes in the section marked "postal use only" shows June 6, 1996.

¶ 4 Harward did not receive approvals or denials of his claims from defendants within ninety days of filing his claims. The claims were therefore "deemed to have been denied ... at the end of the ninety-day period." *Id.* § 63–30–14. On September 5, 1997, Harward filed a complaint bringing his claims against defendants in district court. *See id.* § 63–30–15(1) ("If the claim is denied, a claimant may institute an action in the district court against the governmental entity ....").

¶ 5 Defendants moved for summary judgment, arguing under Utah Code Ann. § 63–

37–1(1) (1997)[1] that Harward had delivered his notices of claim against them on June 6, 1996, the date on which the notices were mailed. Thus, defendants contended, Harward's claims were deemed denied by defendants on September 4, 1996—ninety days from the date of delivery to defendants, or the date the notices of claim were mailed—and Harward's complaint, which would have been timely if filed within one year from September 4, 1996—whether that be September 3 or 4, 1997[2]—was barred as untimely when he filed it on September 5, 1997.[3] *See id.* § 63–30–15 ("If the claim is denied, a claimant may institute an action in the district court against the governmental entity. . . . (2) The claimant shall begin the action within one year after denial of the claim. . . ."). The trial court agreed with defendants and granted them summary judgment, dismissing with prejudice Harward's complaint. Harward appeals.

## ANALYSIS

¶ 6 Summary judgment is proper only when no genuine issues of material fact exist and the moving party has a right to judgment as a matter of law. *See Litster v. Utah Valley Community College*, 881 P.2d 933, 937 (Utah Ct.App.1994). We do not defer to the trial court's legal conclusions, reviewing them for correctness. *See id.*

■ ¶ 7 Harward argues that the trial court incorrectly concluded that Utah Code Ann. § 63–37–1 (1997) controls the date on which a notice of claim placed in the United States mail is deemed "delivered" to a governmental addressee under the Governmental Immunity Act. Utah Code Ann. § 63–30–11(3)(b)(ii) (1997). The *Litster* case distinctly invalidates Harward's argument, specifically importing section 63–37–1 into the Governmental Immunity Act to determine the date upon which a notice of claim was "filed" or "delivered" in that case. *Litster*, 881 P.2d at 938. "File," as used in section 63–37–1, is practically synonymous with "deliver," as used in section 63–30–11(3)(b)(ii): "File" means "[t]o *deliver* a legal document . . . for placement into the official record." *Black's Law Dictionary* 642 (7th ed.1999) (emphasis added).[4]

■ ¶ 8 Thus, Harward's notices of claim were delivered to, or filed with, defendants on June 6, 1996—the date on which postal

---

1. Utah Code Ann. § 63–37–1(1) (1997) reads:

   Any report, claim, tax return, statement or other document or any payment required or authorized to be filed or made to the state of Utah, or to any political subdivision thereof, which is:

   (1) Transmitted through the United States mail, shall be deemed filed or made and received by the state or political subdivisions on the date shown by the post-office cancellation mark stamped upon the envelope or other appropriate wrapper containing it.

2. Defendant Pleasant Grove City argues that the language of Utah Code Ann. § 63–30–15 (1997), requiring that the complaint be filed in district court "within one year after denial of the claim," means that Harward's complaint should have been filed by September 3, 1997 to be timely. Meanwhile, the other defendants argue that, based on the computation rule of Utah Rule of Civil Procedure 6(a), Harward had until September 4, 1997 to file a timely complaint. We need not choose between these two dates; we simply conclude that Harward's complaint was barred as untimely when he filed it on September 5, 1997.

3. Defendants alleged they never received the notices of claim. However, they have not disputed Harward's assertions that the express mail envel-

opes dated June 6, 1996 are authentic and, for purposes of summary judgment and appeal, that those envelopes have the legal effect of establishing that Harward complied with the Governmental Immunity Act by "direct[ing] and deliver[ing]" his notices of claim to defendants. Utah Code Ann. § 63–30–11(3)(b)(ii) (1997). We therefore do not further address Harward's argument that Utah Code Ann. § 63–37–1(2) (1997) controls this case. That section deals with situations in which a claimant needs to prove a notice of claim was sent when the governmental entity to which it was directed professes to have never received it "and the [post-office] cancellation mark is illegible, erroneous, or omitted." *Id.* § 63–37–1(2); *see Litster v. Utah Valley Community College*, 881 P.2d 933, 938–41 (Utah Ct.App. 1994) (explaining analysis under section 63–37–1(2)).

4. In particular, *Litster* analyzes subsection two of section 63–37–1, whereas subsection one controls this case. That difference is immaterial to our analysis, however: Our point is that section 63–37–1 as a whole is imported into the Governmental Immunity Act, while Harward urges the section applies not at all.

service personnel accepted the envelopes containing the notices, as shown by the date written in the "postal use only" section.[5] Because defendants did not approve or deny his claims by September 4—within ninety days of delivery of the notices—Harward's claims were deemed denied on that date. *See* Utah Code Ann. § 63–30–14 (1997). He therefore had one year to file his claims in district court, and his complaint filed on September 5, 1997 is barred as untimely. *See id.* § 63–30–15. Consequently, the trial court correctly granted summary judgment for defendants and dismissed Harward's complaint.

¶ 9 We have carefully considered Harward's other arguments (regarding his subjectively intended delivery date, waiver of an affirmative defense, and substantive due process) and conclude they are wholly without merit; we thus decline to address them. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) (holding we "need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal"); *cf. Reese v. Reese*, 1999 UT 75,¶ 8, 984 P.2d 987 (holding, to allow supreme court certiorari review, this court must "at the very least identif[y] the basis for refusing to treat an issue"). Our disposition also obviates the need to further consider Pleasant Grove City's earlier motion to dismiss this appeal on procedural grounds.

¶ 10 Affirmed.

¶·11 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and JAMES Z. DAVIS, Judge.

---

**5.** For purposes of this case involving the United States express mail service, as opposed to those cases involving other classes of United States mail, we view the written date notation as equivalent to the "date shown by the post-office cancellation mark" described in Utah Code Ann. § 63–37–1(1) (1997). The parties do not argue it should be viewed otherwise.