2003 UT 19

**Michael KOURIS, individually, and for the Estate of Michael Kouris, a deceased minor, and Pam Kouris, individually, Plaintiffs and Appellants,**

v.

**UTAH HIGHWAY PATROL, State of Utah, and Cortland Childs, Defendants and Appellees.**

No. 20010097.

Supreme Court of Utah.

May 6, 2003.

Seventh District, Price Dep't.; The Honorable Bruce K. Halliday.

Warren W. Driggs, J. Bradford DeBry, Salt Lake City, for plaintiffs.

Mark L. Shurtleff, Att'y Gen., Sandra L. Steinvoort, Nancy L. Kemp, Brent A. Burnett, Asst. Att'ys Gen., Salt Lake City, for defendants.

RUSSON, Justice.

¶ 1 The parents and estate of Michael Kouris ("plaintiffs") appeal the summary judgment dismissing their wrongful death action brought against the Utah Highway Patrol ("UHP"), the State of Utah, and Utah State Trooper Cortland Childs ("Childs").

## BACKGROUND

### I. PROCEDURAL HISTORY

¶ 2 Plaintiffs' complaint, filed in December 1998, alleged that UHP, the State of Utah, and Childs ("defendants") wrongfully caused the death of Michael Kouris ("Michael") in a collision between Michael's bicycle and Childs' patrol car. Subsequent to defendants' answer, plaintiffs added claims for negligent supervision and civil rights violations. Defendants moved to dismiss the civil rights claims and the claims against Childs and sought summary judgment on all other claims, asserting they were barred by the Utah Governmental Immunity Act. Following exchange of memoranda and three separate hearings, plaintiffs stipulated to dismissal of the civil rights claims and the claims against Childs. On January 24, 2001, the trial court entered summary judgment in favor of defendants on the remaining claims, and denied plaintiffs' motion for reconsideration filed pursuant to rules 60(b) and 56(f) of the Utah Rules of Civil Procedure. On January 29, 2001, plaintiffs timely filed a notice of appeal.

¶ 3 Plaintiffs assert on appeal that the trial court erred in granting summary judgment because there were indeed facts in dispute material to the issue of governmental immunity, and because the affidavit of plaintiffs' expert witness, containing material facts, was improperly stricken by the court. Defendants argue that summary judgment was proper because there were no issues of material fact in dispute and defendants were protected by the Utah Governmental Immunity Act.

## II. FACTS

¶ 4 On July 19, 1998, in Price, Utah, Trooper Childs was on duty and was southbound on Highway 10 in his patrol car when he received a radio call describing a child riding in the trunk of an automobile and holding down the trunk lid. Childs was the closest officer in the vicinity and responded by making a U-turn, going north on Carbon Avenue, and increasing his speed in order to catch up to the reported vehicle. As Childs was northbound on Carbon Avenue, a two-way street with one lane of traffic in either direction and a center turning lane, he came up behind an automobile driven by Tammy Auberger ("Auberger") and followed her for about one mile. As Auberger approached the intersection of Carbon Avenue and 500 South, she slowed down from 45 m.p.h. to 30 m.p.h., in compliance with the decreased speed limit. When Auberger decelerated, Childs turned into the center lane to pass her. At that same moment, eleven-year-old Michael entered Carbon Avenue on his bicycle from the east shoulder, approximately thirty feet south of the crosswalk located on the north side of Carbon Avenue and 500 South. Childs swerved to avoid a collision with Michael but could not avoid the impact, hitting Michael. Michael died of his injuries. At some point during this chain of events, Childs activated his patrol car's emergency warning lights.

## STANDARD OF REVIEW

¶ 5 "Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to

judgment as a matter of law." *Hill v. Allred,* 2001 UT 16, ¶ 12, 28 P.3d 1271; *see also* Utah R. Civ. P. 56(c). "The trial court's resolution of the legal issues is accorded no deference since entitlement to summary judgment is a question of law." *Hill,* 2001 UT 16 at ¶ 12, 28 P.3d 1271. Accordingly, on appeal

> [w]e determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact. Furthermore, in reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.

*Id.* (internal citations and quotations omitted).

## ANALYSIS

### I. FINDINGS OF THE TRIAL COURT

¶ 6 For purposes of the motion for summary judgment, the trial court found the following eight material facts to be undisputed:

1. At the time of the collision Trooper Childs was responding to an emergency radio call.

2. At the time of the collision Trooper Childs was driving in an authorized emergency vehicle as defined by [Utah Code Ann. § ] 41–6–1(3).

3. At the time of the collision Trooper Childs had activated the vehicles [sic] visible signal as defined by [Utah Code Ann. § ] 41–6–132.

4. The collision took place on Carbon Avenue south of the intersection of Carbon Avenue and 5th South (the intersection). Immediately north of the intersection is a cross walk [sic].

5. Michael Kouris was not crossing Carbon Avenue at the cross walk [sic]. The point of collision being some 30+ feet south of the cross walk [sic].

6. There are no semaphores or stop signs at the intersection controlling traffic in the direction both Trooper Childs and Michael Kouris were traveling.

7. The state and UHP are governmental entities.

8. At the time of the collision Cortland Childs was acting within the scope of his employment with the Utah Highway Patrol.

¶ 7 From these findings of fact, the trial court made the following conclusions of law:

> At the time of collision Trooper Childs was operating his emergency vehicle in accordance with the requirements of [Utah Code Ann. § ] 41–6–14.

> That the state and UHP are immune from any claim of negligence arising out of Child's [sic] operation of [his] emergency vehicle under Section 63–30–10(15) of the Utah Governmental Immunity Act.

### II. GOVERNMENTAL IMMUNITY

¶ 8 The Utah Governmental Immunity Act ("Act") grants general immunity to government entities "from suit for any injury which results from the exercise of a governmental function." Utah Code Ann. § 63–30–3(1) (1997). On the other hand, the Act also provides a waiver of immunity "for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." *Id.* § 63–30–10. However, the Act lists numerous exceptions to this waiver of immunity, one of which is "the operation of an emergency vehicle, while being driven in accordance with the requirements of Section 41–6–14." *Id.* § 63–30–10(15).

¶ 9 It follows, then, that the question for this court is whether Childs was operating his patrol vehicle "in accordance with the requirements of Section 41–6–14," as stated in section 63–30–10(15) of the Utah Code. If he was not, the exception to the waiver of immunity would not attach. Immunity would accordingly be waived, and defendants would be subject to suit "for injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." *Id.* § 63–30–10.

### III.  SECTION 41–6–14 OF THE UTAH CODE

¶ 10  Section 41–6–14 of the Utah Code states in pertinent part:

(1) The operator of an authorized emergency vehicle, when responding to an emergency call . . . may exercise the privileges under this section. . . .

(2) The operator of an authorized emergency vehicle may:

. . .

(b) proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(c) exceed the maximum speed limits; or

(d) disregard regulations governing direction of movement or turning in specified directions.

(3) *Privileges granted under this section to the operator of an authorized emergency vehicle . . . apply only when the operator of the vehicle sounds an audible signal under Section 41–6–146, or uses a visual signal as defined under Section 41–6–132, which is visible from in front of the vehicle.*

*Id.* § 41–6–14(1) to (3) (1998) (emphasis added).

¶ 11  Section 41–6–132, concerning visual signals, states in relevant part:

Every authorized emergency vehicle shall . . . be equipped with signal lamps mounted as high and as widely spaced laterally as practicable . . . and these lights shall have sufficient intensity to be visible at 500 feet in normal sunlight.

*Id.* § 41–6–132(a).

¶ 12  This court has previously stated that "the plain language of a statute is to be read as a whole, and its provisions interpreted in harmony with other provisions in the same statute and with other statutes under the same and related chapters." *State v. Schofield*, 2002 UT 132, ¶ 8, 63 P.3d 667 (internal citations omitted).  In the statutes under consideration here, section 41–6–132 is not only cited as part of section 41–6–14, it is also included in the same chapter.  It necessarily follows that the two statutes should be read together as a whole and interpreted in harmony with each other.

¶ 13  Section 41–6–14 states that the privileges of the emergency vehicle exception to the waiver of governmental immunity for negligent acts apply only when the vehicle's operator "uses a visual signal as defined under Section 41–6–132," and that section states that the visual signal must be "visible at 500 feet in normal sunlight."  The statutory language therefore requires that emergency visual signals not only be activated, but that they also be visible—so visible, in fact, that they can be seen at "500 feet in normal sunlight."  As the intent of emergency visual signals is to warn the public, and not to merely cloak emergency vehicles with immunity, the adequate visibility of the signals is one factor, among many, to be taken into account when determining the proximate cause of an accident and whether the driver qualifies for the emergency vehicle exception to the waiver for negligent acts.

¶ 14  Turning to the present case, for purposes of defendants' motion for summary judgment, the trial court found as an undisputed fact that "*at the time of the collision* Trooper Childs had activated the vehicles [sic] visible signal."  (Emphasis added.)  Such a factual finding is insufficient to support the legal conclusion that "Childs was operating his emergency vehicle in accordance with the requirements of [Utah Code Ann. § ] 41–6–14."  As stated above, section 41–6–14, read in its entirety, requires visual signals to be both activated and adequately visible to give the public reasonable notice that an emergency response is in progress.  Therefore, *when* Trooper Childs activated his emergency vehicle visual signals and whether they were *adequately visible* become issues of fact, among many others, to be discovered when determining the proximate cause of the accident that resulted in the death of Michael Kouris.  The trial court made no such findings.  These remain questions of material fact yet to be determined.  Accordingly, the trial court's findings of fact do not support its conclusion that Trooper Childs was operating his vehicle in accordance with the requirements of section 41–6–14 of the Utah Code, and it was error to so conclude.

¶ 15 As the trial court erred in concluding that Childs was operating his vehicle in accordance with section 41–6–14, it also erred in concluding that defendants are immune from any claim of negligence arising out of Childs' operation of his emergency vehicle under section 63–30–10(15) of the Utah Governmental Immunity Act. That section of the Act requires that an emergency vehicle be operated "in accordance with the requirements of Section 41–6–14" in order for the exception to the waiver of immunity for negligent acts to attach. Defendants were not, therefore, entitled to summary judgment as a matter of law. Accordingly, we reverse and remand to the trial court for further proceedings consistent with determinations set forth in this opinion.

## CONCLUSION

¶ 16 We reverse and remand to the district court for further proceedings consistent with the determinations set forth above. As we hold summary judgment to be improperly granted, we need not reach plaintiffs' other claims regarding the trial court's abuse of discretion in striking an affidavit or denying a motion for reconsideration.

¶ 17 Chief Justice DURHAM and Judge BILLINGS concur in Justice RUSSON's opinion.

¶ 18 Justice HOWE did not participate herein; Court of Appeals Judge Judith M. BILLINGS sat.

WILKINS, Justice, dissenting opinion:

¶ 19 I respectfully dissent.

¶ 20 I agree that under the statutory language of section 41–6–14, the privileges of the emergency vehicle exception to the waiver of governmental immunity for negligent acts applies only when the vehicle's operator "uses a visual signal as defined under Section 41–6–132." I also agree that the statutory language of section 41–6–132 clearly requires the visual signal to be of an intensity to be "visible at 500 feet in normal sunlight." However, I do not agree that the description of the intensity of the visual signal, "visible at 500 feet in normal sunlight," *mandates* that the signal be activated to give an actual warning from at least 500 feet away to the public that an emergency response is in progress. To do so would make the first 500 feet of any emergency vehicle's movement subject to liability, since it would be impossible under the majority opinion's interpretation of the statute to claim that any person within that first 500 feet had the required advance notice that the vehicle was in the process of an emergency response. This seems inconsistent with the clear intent of the statutory scheme.

¶ 21 Moreover, how would this interpretation be applied to circumstances where, despite the adequacy of the *intensity* of the emergency signal, the weather conditions, traffic conditions, the relative location of structures or obstacles, or some other factor, simply prevented *observation* of the visual signal from a distance of 500 feet? What if the injured plaintiff in an action is visually impaired in some fashion, does that modify the requirement? To what degree does the ordinary inattention of a child crossing the street, perhaps in mid-block, affect the determination of what constitutes a reasonable degree of advance notice to the public? These are concerns raised by the new standard adopted in the majority opinion. They are not addressed. Perhaps a "reasonable person" standard must be applied to the person making a claim, to determine if there was sufficient time to see the vehicle within 500 feet. I do not believe the statutory scheme at issue here contemplates such an analysis.

¶ 22 The loss of the life of a child is a tragedy. The loss of young Michael Kouris no doubt has, and will continue to touch the lives of not only his family, friends, and community, but also Trooper Childs, his family, his friends, and his community. However, the question before us is not the degree of harm done to Michael and his parents, but one of application of policy choices already made by our legislature. It is not our place to revise those choices. The statutory language of section 41–6–14 requires that an emergency vehicle be equipped with lights that are powerful enough to be seen from 500 feet away in normal sunlight. It is silent as to when the lights must be activated, or what

consideration is required regarding the objective or subjective ability and opportunity of another to observe the lights.

¶ 23 Associate Chief Justice DURRANT concurs in Justice WILKINS' dissenting opinion.