2004 UT App 335

**WEST VALLEY CITY, a Utah municipal corporation, Plaintiff and Appellee,**

**v.**

**Teresa FOY, Defendant and Appellant.**

**No. 20030503–CA.**

Court of Appeals of Utah.

Sept. 30, 2004.

Stephen G. Homer, West Jordan, for Appellant.

J. Richard Catten, West Valley City Attorney's Office, Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS, and ORME, JJ.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶ 2 Teresa Foy appeals from a summary judgment granted in favor of West Valley City premised on Foy's failure to exhaust all available administrative remedies. Specifi-

cally, West Valley City claims Foy failed to timely file a request for hearing regarding the notice of violation issued by West Valley City alleging there was excessive clutter and debris on her property. According to the West Valley City Municipal Code, if a person chooses to dispute a notice of violation, he or she "has the right to request an Administrative Hearing" and the "request must ... be filed within 10 days from the date of service of the Notice of Violation." West Valley City, Utah, Municipal Code § 10–2–103 (1997). If the person fails to request a hearing then this "constitute[s] a waiver of the right to a hearing." *Id.* The trial court determined that Foy failed to timely file a request for hearing and, therefore, that "no genuine issues of material fact exist and [West Valley City] is entitled to judgment as a matter of law because Foy failed to exhaust her administrative remedies." We disagree that the trial court could so conclude as a matter of law when viewing the facts most favorably to Foy. *See Kouris v. Utah Highway Patrol,* 2003 UT 19,¶ 5, 70 P.3d 72.

■ ¶ 3 According to section 10–1–201 of the West Valley City Municipal Code, a notice of violation that is mailed is "deemed served on the fourth day after the date of mailing." *Id.* § 10–1–201(b). Therefore, the notice of violation mailed to Foy on October 14, 1997 is deemed served on October 18. From that date of service, Foy had until October 28 in which to *file* a request for hearing. *See id.* § 10–2–103. West Valley City argues that "filed" means "received by the city," and because West Valley City received the "Cooper Letter" on October 29, Foy's request for a hearing was not timely filed. However, this interpretation is inconsistent with the "approved usage" of the word "filed." *Id.* § 10–1–109(e) (stating that "[w]ords and phrases used in this Title and

not specifically defined shall be construed according to the context and approved usage of the language").

¶ 4 To understand the meaning of the word "filed," we look to Utah Code section 68–3–8.5, which states:

A report or payment required or authorized to be filed or made to the state of Utah, or to any political subdivision of Utah that is transmitted through the United States mail is considered to be filed or made and received by the state or political subdivision[ ] on the date shown by the post office cancellation mark stamped upon the envelope or other appropriate wrapper containing it.

Utah Code Ann. § 68–3–8.5(2)(a) (Supp. 2003).[1] According to the approved usage of the word "filed" and the mailing date stated on the certificate of mailing,[2] the Cooper Letter is deemed "filed" with West Valley City on October 27, easily meeting the October 28 deadline. *See id.*

■ ¶ 5 West Valley City argues that the Cooper Letter does not, in any event, qualify as a request for hearing because it was not sent by the owner of the property. However, this argument is unavailing because the letter, even though sent by Foy's husband who was not the record owner but was the property's current tenant, referenced the specific case number and stated that the "landlady, of this particular property, resides in distan[t] South Eastern, Utah" and wants "no [i]nvol[v]ement whatsoever" but that "she expects this matter to be handled between us here in West Valley City." This letter notifies West Valley City not only that a hearing is requested, but that Foy has given authority to her husband, the current tenant, to respond to the notice of violation. Under the applicable ordinance, defining

1. Prior to 2001, Utah Code section 68–3–8.5 was numbered as Utah Code section 63–37–1. However, because the two statutes are materially identical, we refer to the most recent version of the statute.

2. If the cancellation mark stamped on the envelope "is illegible, erroneous, or omitted" the letter is still "considered to be filed or made and received on the date it was mailed if ... the sender establishes by competent evidence that the [letter] was deposited in the United States mail on

or before the date for filing." Utah Code Ann. § 68–3–8.5(2)(b)(i) (Supp.2003). Because West Valley City failed to retain the envelope in which the Cooper Letter was sent, it is unable to refute the certificate of mailing, which states October 27 as the mailing date. Moreover, West Valley City consistently acknowledged in the proceedings below that the request for hearing was received in timely fashion. It will not be heard to argue otherwise for the first time on appeal.

"Responsible Person" as "a property owner, tenant, person with a Legal Interest in real property or person in possession of real property," Foy's husband clearly qualifies as a "Responsible Person." West Valley City, Utah, Municipal Code § 10–1–110(u). *See also id.* § 10–2–103 ("The Responsible Person has the right to request an Administrative Hearing.").

¶ 6 A responsible person timely filed a request for hearing and was entitled to an administrative hearing to dispute the notice of violation. Summary judgment should not have been granted because Foy's husband and tenant did not fail to exhaust all available administrative remedies. On the contrary, the right to an administrative hearing was denied notwithstanding compliance with the applicable procedural requirements. Because Foy's argument that summary judgment was inappropriate is dispositive and requires reversal, we need not reach other issues raised on appeal. We reverse and remand for further proceedings consistent with this decision.

¶ 7 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and JAMES Z. DAVIS, Judge.