2016 UT App 64

# THE UTAH COURT OF APPEALS

GREG HOLLENBACH,
Appellant,

*v.*

SALT LAKE CITY CORPORATION,
Appellee.

Memorandum Decision
No. 20140200-CA
Filed April 7, 2016

Salt Lake City Civil Service Commission
Decision of February 10, 2014

Bret W. Rawson, Nate N. Nelson, and Jeremy G.
Jones, Attorneys for Appellant

J. Elizabeth Haws, Attorney for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR.
concurred.

TOOMEY, Judge:

¶1      In this appeal,[1] we must decide whether the Salt Lake City
Civil Service Commission (the CSC) erred when it determined it
lacked jurisdiction to review Greg Hollenbach's appeal of his
discharge from the Salt Lake City Police Department (the City).
The CSC made this determination because it received
Hollenbach's appeal in the mail one day after the deadline for

---

1. Although challenges to administrative agency decisions are
generally made by filing a petition for review in this court,
appeals from a civil service commission's final action or order are
made by filing a notice of appeal. Utah Code Ann. § 10-3-1012.5
(LexisNexis 2015).

filing an appeal. Because we conclude that when an appeal is mailed to the CSC, a post office cancellation mark establishes the date upon which the appeal was filed, we set aside the CSC's decision and remand for further proceedings.

¶2    The City discharged Hollenbach with a letter hand-delivered to him on November 8, 2013. The letter informed Hollenbach that he could challenge his discharge with a written "request for appeal" addressed to the CSC "within five (5) business days." The last day for Hollenbach to do this was November 18, 2013.

¶3    Hollenbach sent the CSC a letter captioned "Notice of Appeal," and mailed it via United States Postal Service (the USPS) certified mail. The letter was dated and signed on November 11, 2013, and the envelope was postmarked the same date. According to the certified receipt, the USPS processed the envelope on November 12 but delivered it, and the CSC stamped it "received," on November 19, 2013.

¶4    Although Hollenbach submitted proof that he mailed the appeal of his discharge days in advance of November 18, the CSC concluded that it had no jurisdiction to consider the appeal because it received the notice after November 18. It issued an order explaining its decision, and this appeal followed.

## I. Preservation

¶5    Hollenbach argues the CSC erred in determining that his notice of appeal was not filed in a timely fashion, thereby depriving it of jurisdiction. Relying on Utah Code subsection 68-3-8.5(2)(a), which expressly provides that a report or other document is considered filed with the state or one of its political subdivisions on the date shown by the post office cancellation mark stamped on the envelope, Hollenbach reasons that his appeal was filed on time because it was postmarked before the deadline. The City argues that Hollenbach failed to preserve

this argument because he did not raise it when the CSC considered the matter.

¶6     Generally, "'[a]n issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on [it].'" *Helf v. Chevron U.S.A. Inc.*, 2015 UT 81, ¶ 42, 361 P.3d 63 (second alteration in original) (quoting *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828). This "ensure[s] that the district court had a chance to rule on an issue before an appellate court will address it" and "promotes both judicial economy and fairness to the parties." *Helf*, 2015 UT 81, ¶ 42. It follows that "[w]here a district court itself raises and then resolves an issue sua sponte, it obviously had an opportunity to rule on the issue," which "satisfies the basic purpose of the preservation rule." *Id.*; *accord Kell v. State*, 2012 UT 25, ¶¶ 10–12, 285 P.3d 1133. The same logic applies to the proceedings of the CSC, and thus to our review of this case. *Cf. ABCO Enters. v. Utah State Tax Comm'n*, 2009 UT 36, ¶ 11, 211 P.3d 382 (explaining that "the preservation rule applies [to reviewing state agency decisions] when the issue raised on appeal could have been resolved in the administrative setting").

¶7     Here, the CSC itself raised and resolved whether the term "filing" referred to the date the notice was mailed or the date it was received. It acknowledged that its jurisdiction "turn[ed] on the meaning of the word 'filed,'" and relied on this court's holding in *Maverik Country Stores, Inc. v. Industrial Commission*, 860 P.2d 944 (Utah Ct. App. 1993) to guide its interpretation.

¶8     The City also contends that Hollenbach's argument was not preserved because the CSC never had a chance to consider the authority on which Hollenbach now relies to support his arguments. Again, we are not persuaded. Appellate courts will "routinely consider new authority relevant to issues that have properly been preserved" and will not "disregard controlling authority that bears upon the ultimate resolution of a case solely because the parties did not raise it below." *Patterson*, 2011 UT 68,

¶ 18; *see also id.* ¶ 13 ("Our preservation requirement is self-imposed and is therefore one of prudence rather than jurisdiction."). We conclude that because the CSC had a chance to resolve the issue and decided it, the issue was preserved.

## II. Timeliness

¶9    Our review of the CSC's decision "shall be on the record of the commission and shall be for the purpose of determining if the commission has abused its discretion or exceeded its authority." Utah Code Ann. § 10-3-1012.5 (LexisNexis 2015). But as our supreme court has explained "legal errors, such as the incorrect interpretation of a statute or the application of an improper legal standard, are usually an abuse of discretion." *Schroeder v. Utah Attorney General's Office*, 2015 UT 77, ¶ 49, 358 P.3d 1075; *accord Snow, Christensen & Martineau v. Lindberg*, 2013 UT 15, ¶ 17, 299 P.3d 1058. Accordingly, we review an agency's interpretation of its own rules under an intermediate standard, deferring to the agency's interpretation only so long as it is both reasonable and rational. *See Dorsey v. Department of Workforce Servs.*, 2012 UT App 364, ¶ 8, 294 P.3d 580, *aff'd*, 2014 UT 22, 330 P.3d 91; *see also Westside Dixon Assocs. LLC v. Utah Power & Light Co./Pacificorp*, 2002 UT 31, ¶ 7, 44 P.3d 775. "Our determination of reasonableness is guided by the fundamental principle that an agency's rules 'must be construed in a manner consistent with the statute.'" *Dorsey*, 2012 UT App 364, ¶ 8 (quoting *SF Phosphates Ltd. Co. v. Auditing Div., Utah State Tax Comm'n*, 972 P.2d 384, 386 (Utah 1998)).

¶10    The CSC, "like other tribunals of limited jurisdiction, can exercise only such powers as are conferred upon it by statute." *Salt Lake City Corp. v. Salt Lake City Civil Serv. Comm'n*, 908 P.2d 871, 875 (Utah Ct. App. 1995) (citation and internal quotation marks omitted); *accord* Utah Const. art. XI, § 8. Under the controlling statute, which is part of the Utah Municipal Code, the CSC is charged with regulating employment in the police, fire, and health departments, including hearing and determining

appeals from suspensions and discharges. Utah Code Ann. § 10-3-1012. The CSC statute provides that "[a]ny person suspended or discharged may, within five days from the issuance . . . of the order of suspension or discharge, appeal to the civil service commission." *Id.* § 10-3-1012(2). Although the statute provides that the CSC "shall fully hear and determine the matter," *id.*, it does not establish procedural rules for appeals and instead authorizes the CSC to "make all necessary rules and regulations" to carry out its work, *id.* § 10-3-1006.

¶11    In accordance with this authority, the CSC adopted a rule to establish a procedure for appealing a discharge. The rule provides:

> All requests for appeals must be in writing, addressed to the Commission, and *filed* with the Secretary of the Commission. Depending on the manner of delivery of the decision or action being appealed, all requests for appeal must be filed . . . within five (5) business days of the date the decision or action was personally delivered to the person requesting the appeal.

Salt Lake City Civil Service Commission Rules & Regulations 6-2-1 (2012) (emphasis added), https://perma.cc/8YH2-A84K. Thus, whether Hollenbach's notice of appeal was timely under this rule depends on the meaning of the term "filed."

¶12    The interpretation of any rule begins with its plain language. *R & R Indus. Park, LLC v. Utah Prop. & Cas. Ins. Guar. Ass'n*, 2008 UT 80, ¶ 23, 199 P.3d 917. But the CSC's rules are "'subordinate to statutes and cannot confer greater rights or disabilities.'" *See Dorsey*, 2012 UT App 364, ¶ 19 (quoting *Rocky Mountain Energy v. Utah State Tax Comm'n*, 852 P.2d 284, 287 (Utah 1993)). We must therefore construe the language of the CSC's rule in a manner "'consistent with its governing statutes.'"

*See id.* ¶ 19 (quoting *Sanders Brine Shrimp v. Audit Div. of the Utah State Tax Comm'n*, 846 P.2d 1304, 1306 (Utah 1993)).

¶13 The requirement that an appeal to the CSC must be "filed" is not in the governing statute; the CSC added this provision to the rule it promulgated. Accordingly, we must interpret the term "filed" based on its plain language and also must ensure the term is interpreted in a manner consistent with the Utah Code.

¶14 Hollenbach argues Utah Code section 68-3-8.5, which defines when reports and other documents are filed, governs appeals filed with the CSC. The City disagrees for two reasons. It argues section 68-3-8.5 does not apply because (1) a request for appeal sent to the CSC does not fall within the statute's definition of report and (2) a request for appeal sent to the CSC is like an appeal governed by the Utah Rules of Civil Procedure, which defines the term "filed" as the date a document is received.

¶15 Under Utah Code section 68-3-8.5, unless otherwise provided by statute,

> a report . . . that is transmitted through the United States mail is considered to be filed or made and received by the state or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other appropriate wrapper containing it.

Utah Code Ann. § 68-3-8.5(2)(a)(i)–(ii) (LexisNexis 2014). If "a report . . . is mailed but not received by the state or political subdivision," the report "is considered to be filed or made and received on the date it was mailed if . . . the sender establishes by competent evidence that the report . . . was deposited in the United States mail on or before the date for filing or paying." *Id.* § 68-3-8.5(2)(b).

¶16 We must first consider whether a request for appeal directed to the CSC is a "report" within the meaning of Utah Code section 68-3-8.5. The City argues that an appeal to the CSC "falls outside of the plain language" of this statute, reasoning that it applies only in limited circumstances—primarily when payments are at issue. We are not persuaded.

¶17 The statute provides that it applies to "reports," which are broadly defined as "a report, claim, tax return, statement, or other document required or authorized to be filed with . . . a political subdivision of the state." *Id.* § 68-3-8.5(1)(b). The statute does not limit its applicability to particular types of cases or claims. *See id.* § 68-3-8.5. Rather, its general terms indicate it applies in many different scenarios in which it would be necessary to determine when a document was filed with the government or a payment was made. *See id.* Indeed, consistent with a broad interpretation of the term "report," we note that our court has determined that the statute applies to documents, such as a request for a hearing regarding a notice of violation issued by a municipality, *West Valley City v. Foy*, 2004 UT App 335, 100 P.3d 275, and notices of claims under the Government Immunity Act of Utah, *Fuqua v. Alpine Sch. Dist.*, 2014 UT App 81, 324 P.3d 680 (per curiam); *Harward v. Utah County*, 2000 UT App 222, 6 P.3d 1140. Accordingly, we see no reason why a request for appeal would not fall within the statute's definition of "report." *See* Utah Code Ann. § 68-3-8.5(1)(b).

¶18 We next consider the City's argument that Hollenbach's appeal is "akin to a legal filing" and "the CSC is a quasi-judicial body akin to a court," and therefore the word "filed" should be interpreted in a manner consistent with the Utah Rules of Civil Procedure. The City relies on *Maverik Country Stores, Inc. v. Industrial Commission*, 860 P.2d 944 (Utah Ct. App. 1993), in which this court rejected a petitioner's argument that "filing" referred to the date it mailed documents to a state agency, and stated, "[I]t is clear that under the procedural rules which govern

our courts, filing requires actual delivery to the court." *Id.* at 950. We are not convinced by the City's arguments.

¶19    By definition, an "appeal" can refer to "a legal proceeding by which a case is brought from a lower court to a higher court for rehearing" or it can refer to "an application or reference (as to a recognized authority) for corroboration, vindication, or decision." Webster's Third New Int'l Dictionary 103 (1966); *accord Appeal*, Merriam-Webster Online, https://perma.cc/2CPR-5J55 (last visited Mar. 3, 2016). The first meaning offers a more technical sense of the word, and such an appeal from a court decision is subject to the Utah Rules of Appellate Procedure and Rules of Civil Procedure. *See* Utah R. App. P. 1 ("These rules govern the procedure before the Supreme Court and the Court of Appeals of Utah in all cases."); Utah R. Civ. P. 1 ("These rules govern the procedure in the courts of the state of Utah . . . ."). But in the context of appealing discharge decisions to the CSC, we think the less technical sense of the word "appeal" applies. Although "a right to appeal to the [CSC] is granted to the discharged officer or employee" and "[t]he [CSC] is made the ultimate authority to determine whether the discharge should or should not stand," *Vetterli v. Civil Serv. Comm'n of Salt Lake City*, 145 P.2d 792, 795–96 (Utah 1944), the similarity to a legal proceeding in a court of law ends there. The CSC "is neither a court of law nor a state administrative agency subject to the Utah Administrative Procedures Act." *Lucas v. Murray City Civil Serv. Comm'n*, 949 P.2d 746, 755 (Utah Ct. App. 1997). By its own account, the CSC uses the Utah Rules of Civil Procedure merely as a guide, and they "are not strictly followed or applied." Salt Lake City Civil Service Commission Rules & Regulations 6-4-5(2) (2012), https://perma.cc/8YH2-A84K.

¶20    Rather, the CSC is a three-member panel "appointed by the city legislative body," Utah Code Ann. § 10-3-1003(2) (LexisNexis 2015), where "proceedings are usually conducted with greater flexibility and informality than judicial proceedings,"

*cf. Pilcher v. State*, 663 P.2d 450, 453 (Utah 1983) (explaining that strict "adherence to judicial procedures in administrative proceedings is generally inappropriate because it ignores basic differences between judicial and administrative procedures"). Indeed, the CSC's authority is limited to "provid[ing] closure to disciplinary disputes" involving subordinates in several city departments. *Salt Lake City Corp. v. Salt Lake City Civil Serv. Comm'n*, 908 P.2d 871, 875–76 (Utah Ct. App. 1995). It cannot modify decisions or remand disciplinary decisions for further proceedings—it may only offer "a simple thumbs up or thumbs down on the [department's] suspension or termination decisions." *Id.*; *see also Vetterli*, 145 P.2d at 796 (holding that the CSC cannot substitute its judgment for that of the department's). Because an appeal to the CSC is not a legal proceeding in a court, we determine that it is "an application or reference (as to a recognized authority) for corroboration, vindication, or decision." *See Webster's Third New Int'l Dictionary* 103 (1966); *accord Appeal*, Merriam-Webster Online, https://perma.cc/2CPR-5J55 (last visited Mar. 3, 2016).

¶21 Finally, to interpret the term "filed" as the City urges would render the CSC's rule invalid. Utah Code section 68-3-8.5 provides that a report is considered filed on the date it is postmarked. Utah Code Ann. § 68-3-8.5(2)(a)(i) (LexisNexis 2014). By contrast, the CSC has concluded that the date of receipt determines when a request for appeal is filed. Because a report—in this case the request for appeal—that is timely "filed" under the Utah Code could be considered untimely under the CSC rule, the CSC's interpretation of the rule conflicts with state law, and such an interpretation is thus impermissible. *See Hansen v. Eyre*, 2005 UT 29, ¶ 15, 116 P.3d 290 (explaining that city ordinances that conflict with a statute are invalid).

¶22 Furthermore, the CSC's interpretation of its rule improperly imposes greater disabilities than those imposed by the Utah Code. *See Dorsey v. Department of Workforce Servs.*, 2012

UT App 364, ¶ 19, 294 P.3d 580 (explaining that state agency rules "are subordinate to statutes and cannot confer greater rights or disabilities" (citation and internal quotation marks omitted)), *aff'd*, 2014 UT 22, 330 P.3d 91. For instance, if an employee mails the notice of appeal, the time for preparing it is reduced to allow time for delivery. An employee would be liable for factors largely out of the employee's control, e.g., whether the USPS will deliver it in time and whether someone at the CSC will be available to receive it when it is delivered.

¶23 Based on this analysis, and consistent with our decisions in other cases, we conclude that a proper interpretation of the term "filed" is based on the legislature's approved usage of the word as defined in Utah Code section 68-3-8.5. *See, e.g*, *West Valley City v. Foy*, 2004 UT App 335, ¶¶ 3–5, 100 P.3d 275 (holding that, under Utah Code section 68-3-8.5, a property owner's request for hearing is deemed "filed" when the request was mailed to West Valley City); *Harward v. Utah County*, 2000 UT App 222, ¶¶ 7–8, 6 P.3d 1140 (holding that a notice of claim against the government under the Governmental Immunity Act of Utah is deemed "delivered" on the date shown by the post office cancellation mark).

CONCLUSION

¶24 We conclude the CSC erred in interpreting the term "filed" and therefore reverse its order determining that it lacked jurisdiction over Hollenbach's appeal. Because our resolution of this issue is dispositive, we need not reach the other issues raised on appeal. We therefore remand for consideration of Hollenbach's appeal on its merits.

———————