**2017 UT App 130**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROBERT MORGAN MAGNESS,
Appellant.

Opinion
No. 20150417-CA
Filed July 28, 2017

Third District Court, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 131903746

Craig S. Cook, Attorney for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES J. FREDERIC VOROS JR. and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1     Robert Morgan Magness (Defendant) was charged with
rape. Defendant pled guilty to the lesser crime of forcible sexual
abuse. Prior to sentencing Defendant made a motion to
withdraw his guilty plea on the ground that it was not
knowingly and voluntarily made. The district court denied the
motion. We reverse and remand.

BACKGROUND

¶2     Defendant was charged with rape in April 2013. A
preliminary hearing was scheduled for two months later. On the
day of the hearing, Defendant waived his right to a preliminary

hearing. Defendant subsequently pled guilty to a lesser charge pursuant to a plea agreement. The circumstances of that waiver and plea are contested. Defendant claims that the preliminary hearing was not knowingly and voluntarily waived and his plea was not knowingly and voluntarily made because he relied on misstatements from the prosecutor.

¶3 The defense attorney representing Defendant at the preliminary hearing filed an affidavit outlining the events of the preliminary hearing in support of Defendant's motion to withdraw his guilty plea. As described in his affidavit, the defense attorney initially intended to question the victim and others at the preliminary hearing. The defense attorney observed the prosecutor converse with the victim and her friend at the preliminary hearing. The prosecutor then approached the defense attorney and "specifically told [the defense attorney] that the complainant informed him that she did not want the defendant to go to prison." Based on this information, the defense attorney "abandoned" his plans for the preliminary hearing, noting that in his experience "if a complainant is favorable to my client, then it is very harmful . . . to put that witness on the stand and cross-examine her as to very personal and sensitive issues." After discussing the matter with Defendant, the defense attorney informed the court that Defendant would waive his right to a preliminary hearing.

¶4 In support of his motion to withdraw his plea, Defendant asserted by affidavit the same points that the defense attorney had asserted: the prosecutor conversed with the victim and her friend at the preliminary hearing and then approached him and the defense attorney and told them that the victim "did not want [Defendant] to go to prison."

¶5 A private investigator for Defendant also provided an affidavit concerning the preliminary hearing. The private investigator contacted the victim in January 2014 to discuss the events that led to the rape charge. The private investigator asserted, "She informed me that in her mind the defendant had

already entered a guilty plea based upon her conversations with the prosecutor at the hearing she last attended."[1]

¶6     By contrast, the State asserts that the record shows the prosecutor had no interaction with the victim at the preliminary hearing. The State points to the statements made by the prosecutor in the hearing wherein Defendant pled guilty. There the prosecutor stated, "When we met initially during the intake, her very first impression of the case was actually she was not seeking prison at the time and was fairly amenable to resolving the case . . . . Since that time [she] has not communicated with the State at all, although we've made multiple attempts to contact her."[2]

¶7     Between the waiver of the preliminary hearing and Defendant's plea, Defendant's counsel filed various motions and requests, including a motion to suppress evidence. All of these issues were set for hearing in January 2015. Instead of pursuing the motions and going to trial, Defendant pled guilty to the lesser charge and the court found that the plea was knowingly and voluntarily made. The plea statement Defendant signed provided, "In exchange for the Defendant's plea of guilty the prosecution agrees that in the event the victim does not affirmatively insist upon the prosecutor seeking a prison commitment that the prosecutor will recommend probation and

---

1. The State does not argue that this evidence should be excluded.

2. While this statement may imply that no contact between the prosecutor and the victim occurred at the preliminary hearing, in the face of affidavits of Defendant, his counsel, and the private investigator, the implication can be taken only so far. The State points to no express denial before the trial court disputing the assertion that the prosecutor spoke to the victim at the preliminary hearing.

no prison." The following statements were also made at the hearing:

> [Defense Counsel]: [I]t is anticipated, your Honor, that in exchange for this guilty plea, that as the prosecution has heretofore indicated to the Court that unless the victim affirmatively requests a commitment of prison for the defendant's behavior, that the prosecution in this matter will recommend no prison time, and will recommend probation in some form.
>
> [Prosecutor]: That is correct, your Honor. Our recommendation is simply that we would honor the victim's wishes. If the victim were asking for a prison sentence, we're not bound to not recommend prison. If the victim is not seeking a prison sentence, we will not go beyond her request. That recommendation, however, does not bind the State in any way as to jail . . . .[3]

---

3. We note that Defendant includes a different—and more defense-favorable—version of this statement in his brief:

> [Prosecutor]: That's correct Your Honor. Our recommendation is simply that we would honor the victim's wishes. If the victim were asking for a prison sentence, we're not bound to not recommend prison *and the victim is not seeking a prison sentence. That's not her request.* That recommendation, however, does not bind the state in any way as to jail . . . .

(Emphasis added.) This quotation tracks a defense-produced unofficial transcript of the plea hearing. It varies materially from the official version. It recasts a conditional statement to read as an affirmative assertion; thus, "If the victim is not seeking a

(continued…)

¶8      Defendant recited his memory of the plea hearing in his affidavit:

> [My attorneys] came to me and informed me that [the prosecutor] had agreed to reduce the charge . . . . They also said it would be likely I would not face any prison time because [the prosecutor] had expressly confirmed with [my attorneys] that the complainant in this case did not want me to go to prison. . . . During the hearing with the court I again heard [the prosecutor] state that the complainant did not want a prison term for me even though he had been unable to contact her for several months. Based upon his statement I felt very good about my decision to enter into a guilty plea in this case.[4]

¶9      The subsequent report from Adult Probation and Parole (AP&P) recommended a term of imprisonment and included a statement from the victim that she wanted Defendant to go to prison for at least two years to compensate for the time that she had suffered as the case proceeded. The victim made a similar statement at the sentencing hearing in March 2015.

¶10      Shortly after Defendant received the AP&P report, his private investigator again contacted the victim by telephone. He

---

(…continued)
prison sentence, we will not go beyond her request" becomes, in Defendant's brief, "the victim is not seeking a prison sentence. That's not her request." We assume the misquotation was careless rather than intentional.

4. It appears that Defendant's memory parallels his unofficial version of the hearing, *supra* note 3, rather than the official transcript of the hearing.

recorded the conversation, a certified transcript of which Defendant included in his motion to withdraw his guilty plea. The phone call included the following exchange:

> [Private Investigator]: [I]nitially, when this whole thing started and you had spoken with the district attorney and the prosecutor . . . at a hearing they believe you said that you did not want [Defendant] to go to prison.
>
> [Victim]: No, I didn't say that.
>
> [Private Investigator]: Ok.
>
> [Victim]: I didn't say that I did not want him to go to prison. I said, "Well, it's more important to me that he's on the sexual offenders list." That was like—I said that I wanted him to serve prison time, but the most important thing to me was that I wanted him to go on the sexual offenders list.

¶11 Defendant moved to withdraw his plea, claiming that his plea was not knowingly and voluntarily made. Specifically, Defendant claimed that due to the prosecutor's misrepresentations, he miscalculated the likelihood that the victim would ask the district court to sentence him to prison.

¶12 In resolving Defendant's motion to withdraw his plea, the district court ruled:

> Defendant contends that the prosecution made a material misrepresentation when it stated that the victim did not want Defendant to go to prison. According to Defendant, this material misrepresentation, which allegedly induced Defendant to accept the guilty plea, amounted to prosecutorial misconduct which violated the Defendant's due process rights and caused him to

forego his right to a jury trial. The Court disagrees. Based on the record, the Court cannot conclude that the prosecutor made affirmative statements contrary to what it knows to be the truth. Nor has the prosecutor intentionally made knowing use of false evidence by misrepresenting the nature of the victim's wishes. Rather, the prosecutor represented that, at the time he spoke with the victim, she was not seeking prison time. There is no evidence that these representations were contrary to what the prosecutor knew to be true.

(Citation and internal quotation marks omitted.)

¶13    In addressing Defendant's assertion that his plea was not knowing and voluntary, the district court ruled:

Based on the record, the Court cannot characterize the prosecutor's statements as misrepresentations, unfulfilled, or unfulfillable promises. All of the statements on the record made by the prosecution were some version of an explanation that the victim initially did not appear to want the Defendant to go to prison, but the prosecution's recommendation remained consistently contingent on whatever the victim wanted.

¶14    The district court continued:

Here, there are no allegations that Rule 11 [of the Utah Rules of Criminal Procedure] was violated. The Court is satisfied that there was compliance with Rule [11] and that Defendant knowingly and voluntarily entered into a guilty plea, particularly where both the plea colloquy and the plea agreement, which was incorporated into the plea hearing record, clearly set forth the charges and the

alleged conduct by [Defendant] that corresponded with the elements of the charges, in compliance with rule 11.

(Citation and internal quotation marks omitted.)

¶15 Accordingly, the district court denied Defendant's motion to withdraw his plea. Defendant was sentenced to an indeterminate term of not less than one year and no more than fifteen years in the Utah State Prison. Defendant appeals the denial of his motion.

ISSUES AND STANDARDS OF REVIEW

¶16 We review the denial of a motion to withdraw a guilty plea under an abuse of discretion standard, incorporating a clear error standard for findings of fact and reviewing questions of law for correctness. *State v. Walker*, 2013 UT App 198, ¶ 8, 308 P.3d 573.

¶17 Defendant also appeals the district court's denial of his request to reinstate his right to a preliminary hearing. We review the denial of the motion to reinstate Defendant's right to a preliminary hearing under the same standard; thus, absent a factual challenge, we review for correctness a district court's denial of a motion to withdraw the waiver of a preliminary hearing. *See State v. Aleh*, 2015 UT App 195, ¶ 13, 357 P.3d 12.

ANALYSIS

I. Withdrawal of Guilty Plea

¶18 Under Utah law, "[a] plea of guilty or no contest may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). "A guilty plea involves the

waiver of several constitutional rights and is therefore valid under the Due Process Clause of the U.S. Constitution only if it is made 'voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.'" *State v. Alexander*, 2012 UT 27, ¶ 16, 279 P.3d 371 (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "[I]n order for a plea to be voluntarily and knowingly made, the defendant must understand the nature and value of any promises made to him." *State v. Copeland*, 765 P.2d 1266, 1274 (Utah 1988). And "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

¶19　On the record before us, we must reverse. The district court erroneously limited its consideration of Defendant's motion to withdraw his plea to whether what occurred on the record at the plea hearing complied with rule 11 of the Utah Rules of Criminal Procedure[5] and whether the prosecutor's misstatements constituted intentional misconduct. Further, we determine that the misstatements made by the prosecutor undermined the voluntariness of Defendant's plea.

A.　The District Court's Narrow Focus on Rule 11 and Prosecutorial Misconduct

¶20　The district court's analysis was too narrowly focused, looking primarily at what was said at the plea hearing and whether the plea hearing complied with rule 11 of the Utah Rules of Criminal Procedure. The district court should have considered the totality of the circumstances, including the prosecutor's statements made prior to the plea hearing. Additionally, the district court placed undue focus on whether

---

5. Rule 11 of the Utah Rules of Criminal Procedure governs the accepting or rejecting of pleas generally. *See* Utah R. Crim. P. 11.

the representations of the prosecutor constituted prosecutorial misconduct.

¶21   Here, the district court narrowly focused its review on whether the plea hearing, and those sources incorporated into the plea hearing, showed a knowing and voluntary plea. This approach is contrary to *Alexander*, where the Utah Supreme Court warned against similarly limiting the analysis of a plea to an evaluation of rule 11. 2012 UT 27, ¶ 25. "[D]etermining whether the district court complied with rule 11 during the plea hearing may be an appropriate step in evaluating whether the defendant's plea was knowing and voluntary." *Id.* ¶ 24. "But in evaluating whether a plea was knowingly and voluntarily made, courts should not limit their analysis to compliance with rule 11 during the plea hearing." *Id.* ¶ 25. Compliance with rule 11, while a good place to start, is just that—a start. The totality of the circumstances, including representations made outside of the plea hearing, must be taken into account when determining whether a plea was knowingly and voluntarily made. *See id.* ("[E]ven if there was a violation of rule 11 during the plea hearing, appellate courts must continue to inquire into whether there is evidence that the plea was nonetheless knowingly and voluntarily made."). Accordingly, the district court should have considered all of the prosecutor's statements concerning the victim's anticipated position.

¶22   The district court also primarily considered whether the prosecutor's misstatements constituted intentional prosecutorial misconduct. The district court found that the prosecutor did not intentionally make "knowing use of false evidence by misrepresenting the nature of the victim's wishes." The district court continued, "Rather, the prosecutor represented that, at the time he spoke with the victim, she was not seeking prison time." However, the district court should have considered and focused on *all* representations made by the prosecutor prior to the plea being entered. The problem with the district court's approach is twofold. First, it accepted a representation which was demonstrably false—the victim stated she *never* said she did not

want Defendant to go to prison. Second, the district court focused on whether the misstatements were made intentionally. Whether the misstatements of the prosecutor were intentional is immaterial to the question of whether Defendant's plea was knowingly and voluntarily made. If a prosecutor makes misstatements and the defendant relies upon the misstatements, a substantial question arises as to whether Defendant knowingly and voluntarily entered into a plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (reasoning that a plea should stand where a guilty plea is entered by someone "fully aware of the direct consequences, including the actual value of any commitments made to him" unless induced by, among other things, misrepresentation by prosecutors (citation and internal quotation marks omitted)).

¶23   In sum, when evaluating whether a plea was knowingly and voluntarily made, compliance with rule 11 is not dispositive and, in this case, determining whether the prosecutor's misrepresentations were intentional is immaterial. The district court should have evaluated all of the evidence to determine whether the prosecutor's statements undermined Defendant's plea. We next examine whether Defendant's plea was undermined.

B.     The Misrepresentations by the Prosecutor Undermined the Voluntariness of Defendant's Plea

¶24 The prosecutor's representations undermined the voluntariness of Defendant's plea because they caused Defendant not to "understand the nature and value of any promises made to him." *State v. Copeland*, 765 P.2d 1266, 1274 (Utah 1988). In *Brady*, the United States Supreme Court explained,

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea

be offered and accepted. . . . A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

397 U.S. at 756–57. Our supreme court has likewise stated,

[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats[,] . . . misrepresentation[,] . . . or perhaps by promises that are by their nature improper . . . .

*Copeland*, 765 P.2d at 1274 (first alteration in original) (emphases omitted) (quoting *Brady*, 397 U.S. at 755).

¶25    Here, the prosecutor's representations of the victim's likely sentencing request significantly affected Defendant's calculus as to "the apparent likelihood of securing leniency should a guilty plea" be entered. *See Brady*, 397 U.S. at 756. At the preliminary hearing the prosecutor represented that the victim did not want Defendant to go to prison. Next, on the day of the plea the prosecutor again represented to Defendant through counsel that the victim did not want defendant to go to prison. Finally, when presenting the plea resolution to the court, the prosecutor represented again that "[the victim] was not seeking prison." However, by way of a recorded statement

obtained by Defendant's investigator, the victim maintains, "I didn't say that" and "I said that I wanted him to serve prison time . . . ." Although the State surmises in its brief that the prosecutor did not speak to the victim at the preliminary hearing,[6] both Defendant and his counsel testified via affidavit that they saw the prosecutor talking with the victim at the preliminary hearing. Given the absence of an affidavit in opposition rebutting the affidavits of Defendant and his counsel, the only record before us establishes that the representations were made.

¶26 The prosecutor's representations thus led Defendant to reasonably believe that the victim would likely not seek prison and that the prosecutor would follow suit. By misleading Defendant as to the victim's intent with respect to seeking a prison sentence in this case—whether intentional or not—the State precluded Defendant from knowingly assessing the likelihood of securing leniency. In other words, because of the "misrepresentation . . . made to him by the . . . prosecutor," Defendant was not "aware of the direct consequences, including the actual value of any commitments made to him." *Id.* at 755 (citation and internal quotation marks omitted); s*ee also Copeland*, 765 P.2d at 1275 (adopting the Michigan Court of Appeals's reasoning that a defendant should be allowed to withdraw his plea where he "surrendered his right to trial in apparent misapprehension of the value of commitments made to him" (quoting *People v. Lawson*, 255 N.W.2d 748, 750 (Mich. Ct. App. 1977))).

¶27 Under the terms of the plea agreement, Defendant had to assess the probability that the victim would seek a prison sentence. The primary information Defendant maintains he relied upon in calculating this risk was the representations of the prosecutor. Defendant's calculus of the likelihood that the victim

---

6. The State points to the prosecutor's statement at the plea hearing that he had not talked to the victim since "intake."

would ask for prison was based on erroneous information concerning the victim's past expressions relating to whether she would ask the judge to impose a prison sentence. Being told that the victim had earlier stated that she did not want Defendant to go to prison, while not conclusive as to what might actually happen at sentencing, likely and reasonably gave Defendant reason to believe the recommendation at sentencing would be similar. But in reality, the victim never said she did not want Defendant to go to prison.

¶28 We conclude that because of the prosecutor's representations, "it is possible that [Defendant] was genuinely and legitimately confused about" the likelihood that the victim would ask the court to impose a prison sentence and easily could have miscalculated the likely punishment that would flow from his plea. *See Copeland*, 765 P.2d at 1274. Thus, Defendant's plea was not knowingly and voluntarily made. *See id.* at 1274–75. Accordingly, Defendant "should be allowed to withdraw his plea." *See id.* at 1276.

¶29 Had Defendant simply miscalculated the likelihood that the victim would make a sentencing request for prison, a basis for withdrawing the guilty plea would likely not exist. But here, Defendant's calculus in moving forward with the plea included representations by the prosecutor, which, upon the record presently before us, appear false. Accordingly, the district court applied an improper legal standard by too narrowly focusing only on what was said at the plea hearing, which by definition constitutes an abuse of discretion. *Hollenbach v. Salt Lake City Corp.*, 2016 UT App 64, ¶ 9, 372 P.3d 55 ("[L]egal errors, such as the incorrect interpretation of a statute or the application of an improper legal standard, are usually an abuse of discretion." (quoting *Schroeder v. Utah Attorney Gen.'s Office*, 2015 UT 77, ¶ 49, 358 P.3d 1075)). Under such circumstances, Defendant should have been allowed to withdraw his plea. On this basis we reverse.

## II. Waiver of Preliminary Hearing

¶30　Because the district court denied Defendant's motion to withdraw his plea, it had no opportunity to consider Defendant's claim that his right to a preliminary hearing should be reinstated. "The general rule applicable in criminal proceedings, and the cases are legion, is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including alleged pre-plea constitutional violations." *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (citation and internal quotation marks omitted). We recognize that Defendant maintains that the waiver of his preliminary hearing was induced by the same misstatements of the prosecutor that induced his guilty plea. And the analysis above may very well lead to the result Defendant seeks. However, the district court should address this claim in the first instance. Accordingly, we remand this case for further proceedings, including the district court deciding whether Defendant's preliminary hearing right should be reinstated.

## CONCLUSION

¶31　The sentence and judgment of the district court is vacated. Defendant shall be allowed to withdraw his plea, and the case is remanded for further proceedings, including consideration of Defendant's entitlement to a preliminary hearing.

¶32　Reversed.

———————